332 So.2d 23 (1976)
Robert E. SIZEMORE, Petitioner,
v.
CANAVERAL PORT AUTHORITY, and Aetna Insurance Company, Respondents.
No. 46429.
Supreme Court of Florida.
April 28, 1976.
*24 Sammy Cacciatore, Nance & Cacciatore, Melbourne, for petitioner.
Wendell J. Kiser, Akerman, Senterfitt, Eidson & Wharton, Orlando, for respondents.
OVERTON, Chief Justice.
This is a claimant's petition for writ of certiorari to the Industrial Relations Commission. We have jurisdiction.[1]
At petitioner's job site on June 19, 1968, a tractor rolling backwards crushed petitioner against a trailer. Petitioner was hospitalized, treated and released July 12, 1968, with no diagnosed impairments of any present significance. Subsequently in June, 1972, during a preinduction physical examination, petitioner first learned of the condition diagnosed as a very large dissecting aneurysm of the thoracic aorta. He was advised it could rupture at any time, especially when subjected to heavy physical exertion or any other stimulus producing high blood pressure, the rupture resulting in immediate death.
Defendant's claim for compensation for this condition was filed May 4, 1973. Expert testimony at the hearing established surgical treatment was not recommended owing to substantial risk of death or paralysis. It is uncontroverted that the aneurysm was caused by the job-related injury occurring in June, 1968.
Before the 1972 diagnosis petitioner maintained a normal lifestyle, including surfing for a year in California prior to finishing high school, further schooling, and taking occasional light physical work. Following the diagnosis and throughout these proceedings petitioner has manifested a psychological disturbance secondary to this condition which has raised the question of his fitness for any sort of work. The parties stipulated at hearing that petitioner's wage was $60 per week and that appropriate compensation would be $36 per week therefor.
The Judge of Industrial Claims concluded as a matter of law that petitioner should receive temporary total disability for the period between his injury in June, 1968, and May 1, 1973, the date on which he found maximum medical improvement to have occurred, despite petitioner's ignorance of the aneurysm until June, 1972. The Judge's basis for this decision is not clear, and the Commission reversed the finding. The record is clear that petitioner observed no physical limitations during the period ending in June, 1972, and his ignorance protected him from the psychological stress he now experiences. Since petitioner experienced no known disability or physical restriction, we must conclude he was not disabled during that period within the meaning of the compensation law.
From the time of the diagnosis in June, 1972, to May 1, 1973, medical testimony established the condition of petitioner's mental health to be such as to disqualify him from employment, in addition to being physically disqualified from any strenuous activity. The condition was described as one of severe depression, frustration *25 and anxiety secondary to the diagnosis, a reaction much like that a very serious cancer or cardiac patient would experience. The Commission's objection to any disability finding for this period was based on petitioner's failure to test the job market. We disagree since the proven mental aspect of his health prevented gainful employment. Cf. Superior Mill Works v. Gabel, 89 So.2d 794, 795 (Fla. 1956), citing with approval A. Larson, Workmen's Compensation, § 42.22 (1st ed. 1952).
The Judge of Industrial Claims next found that petitioner reached maximum medical improvement May 1, 1973, relying on prognoses in the record for the aneurysm. The Commission reversed this finding, citing the testimony of two physicians indicating the contrary. We agree. Our review indicates such testimony is accurately relied on by the Commission and is not disputed in the record. Both physicians testified that when considering the physical and mental aspects of petitioner's health together, it had not stabilized but showed potential for improvement.
The Judge of Industrial Claims looked beyond the stipulation of the parties concerning the petitioner's wage at the time of the injury, and increased the amount awarded as compensation from $36 to $49 per week. He determined Section 440.14(4), Florida Statutes (1973),[2] to authorize such action. The Commission reversed the increase, holding the Judge of Industrial Claims bound by the stipulation. We agree since there was no evidence before the Judge of Industrial Claims from which he could make that finding.
Our opinion renders the penalties assessed by the Judge of Industrial Claims improper, and renders excessive the attorney's fee. We remand this cause to the Industrial Relations Commission with directions to remand it to the Judge of Industrial Claims for further findings of fact and entry of an order consistent with this opinion.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Workmen's Compensation Law:

"440.14 Determination of pay.  Except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined subject to limitations of subsection (2) of § 440.12 as follows:
* * * * *
"(4) If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages." § 440.14(4), Fla. Stat. (1973).