PER CURIAM.
The claimant, a 49-year old teacher’s aide with a high school education, received an anatomical impairment rating of 10% based solely on physical complaints arising out of a compensable accident that occurred on February 20, 1975. Dr. Jesse Ledbetter treated her from the date of accident until June of 1975 and reported that as of April 11th she was able to return to work. She, however, remained unemployed and, on May 9th and June 5th, Dr. Ledbet-ter repeated his suggestion that she return to work. The claimant changed doctors and, on July 9, 1975, she was seen by Dr. Diaz who initially suspicioned a herniated disc. Objective testing was negative, but on August 18, 1975, the doctor advised the *1313 claimant to remain out of work for another 3-6 months. Her complaints continued and by January of 1976, Dr. Diaz felt that there was possible psychological overlay. Claimant moved to Texas and began seeing Dr. DeYoung who, on May 24th, advised her that there was nothing physically preventing her from returning to work. On June 10, 1976 she was involved in a non-compen-sable automobile accident and underwent a laminectomy for neck and shoulder problems incident thereto. She chose not to follow through with suggested psychological treatment and, on December 10, 1977, Dr. Kornblit opined that she had reached a point of maximum medical improvement with 10% permanent partial disability of the body as a whole, in spite of the cervical laminectomy. The factual situation is such that the record will support the deputy’s finding that a job search was not required from February 20, 1975 until December 10, 1977. We can, however, find no evidence justifying claimant’s failure to seek a job subsequent to December 10th. Pain alone does not necessarily indicate a loss of wage earning capacity, nor is it an excuse for not seeking a job. Knittel v. Terminal Transport Co., IRC Order 2-3114 (February 28, 1977). The claimant has not demonstrated a loss of wage earning capacity in excess of her anatomical rating. Accordingly the record will not support the deputy’s finding of permanent total disability. This is borne out by claimant’s refusal to test her em-ployability despite repeated suggestions by her physicians that she return to work.
The decretal portion of the deputy’s order correctly adopts the stipulated date of maximum medical improvement, therefore, any finding to the contrary is harmless error. The issue of apportionment argued in the main brief and by cross-appeal has not been treated in light of this reversal.
The order is reversed and the cause remanded to the deputy with directions that he reconsider his order in accordance with this opinion.
ERVIN, SHAW and WENTWORTH, JJ., concur.