379 So.2d 1317 (1980)
Angelo CARUSO, Appellant,
v.
CROWN LIQUORS, INC. and Cosmopolitan Mutual Insurance Company, Appellees.
No. QQ-307.
District Court of Appeal of Florida, First District.
February 14, 1980.
*1318 Leonard M. Vincenti, Clearwater, for appellant.
J. Scott Brasfield, of Williams, Brasfield & Wertz, St. Petersburg, and James N. McConnaughhay, Tallahassee, for appellees.
PER CURIAM.
This appeal and cross-appeal from an order of the judge of industrial claims presents us with four issues. We affirm the judge's ruling that the employer/carrier should not be required to furnish the claimant with chemonucleolysis, a medical/surgical procedure not available in the United States. We find no reversible error in the method used to calculate the average weekly wage and therefore affirm.
However, we do find error in the judge's ruling that an injured employee is required to look for work regardless of his physical or mental condition, and in his apportionment of claimant's disability.
The judge of industrial claims found that Caruso is confined to bed approximately 23 hours a day and is heavily medicated. He found this confinement compatible with Caruso's diagnosis and condition. Despite this, the judge found "that it is necessary for an injured employee to test the open labor market under any circumstances." This is a misstatement of the law. The failure of the claimant to seek employment is reasonable and justified under certain circumstances. Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976); Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla. 1976). It belies all logic and reason to expect a person who is confined to bed 23 hours a day to actively seek work.
The judge of industrial claims also erred when he apportioned Caruso's permanent partial disability one-half to the industrial accident and one-half to his pre-existing thrombophlebitis and pulmonary embolism. In Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla. 1967), the court ruled that apportionment is proper only when the pre-existing condition is disabling at the time of the accident or at the time of the award. There is no evidence in the record showing that Caruso was disabled from the thrombophlebitis or pulmonary embolism at the time of the accident or at the time of the hearing, and the judge specifically found the condition asymptomatic. The judge further found the industrial *1319 accident resulted in a herniated disc which was causing the present symptoms and disability. Such findings are inconsistent with apportionment.
The record, including the judge's order, indicates Caruso is permanently and totally disabled and the disability is solely attributable to the industrial accident.
Affirmed in part, reversed in part and remanded for entry of an order consistent with this opinion.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with an opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.