397 So.2d 1142 (1980)
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellants,
v.
Juanita GIBAVITCH, Appellee.
No. UU-24.
District Court of Appeal of Florida, First District.
December 19, 1980.
Rehearing Denied May 5, 1981.
Steven Kronenberg, of Pyszka, Kessler & Adams, Miami, for appellants.
George Nachwalter, Miami, for appellee.
LARRY G. SMITH, Judge.
The employer/carrier appeal a worker's compensation order awarding claimant 75% permanent partial disability based upon loss of wage earning capacity. Appellants rely for reversal upon the contentions (1) that the award of compensation based upon loss of wage earning capacity was in error because claimant failed to conduct a good faith work search and (2) that the award was further erroneous because the record reveals no anatomical disability rating. We affirm.
We agree with the employer/carrier's position, as a general rule, that a good faith work search is an essential prerequisite to an award based on loss of wage earning capacity, unless the claimant's physical or mental condition is such that the failure to seek employment in the open market is reasonable and justified under the circumstances. Chicken-`N'-Things v. Murray, 329 So.2d 302 (Fla. 1976); Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla. 1976). Further, this court has reiterated the well-settled rule that no award for *1143 loss of wage earning capacity can be made in the absence of a finding that the claimant sustained permanent anatomical impairment. Agrico Chemical Company v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980). Notwithstanding these settled rules, we conclude that their application is inappropriate because of the posture of this case as it now appears before us.
The present order under review was entered by the Deputy Commissioner upon remand as directed by order of the Industrial Relations Commission after its review as the prescribed appellate body prior to the recent legislative assignment of these cases to this court. Section 440.271, Florida Statutes (1979). The Industrial Relations Commission reversed the prior order, which awarded permanent total disability, upon the sole ground that permanent total disability benefits cannot be awarded when only permanent partial disability benefits have been claimed, citing United States Steel Corporation v. Green, 353 So.2d 86 (Fla. 1977). We think it is obvious, upon reading of the prior order reviewed by the Industrial Relations Commission, that the award of permanent total disability was based upon loss of wage earning capacity. Paragraph six of that order stated, in part:
6. I further find, based upon all testimony and evidence presented, that the claimant has worked most of her adult life and is a well motivated individual, however, due to her physical limitations and restrictions, has attempted to rehabilitate herself but to no avail. I further find that the likelihood of the claimant obtaining gainful substantial employment on the open labor market, in view of her age, education, past work history, the fact that she has no transferrable skills, and in view of her present physical condition, limitations and restrictions, is not realistic. I therefore find, based upon the foregoing, that the claimant is permanently and totally disabled from an occupational standpoint. (emphasis supplied)
The order here for review, which reduced the disability to 75% permanent partial disability, is also based upon wage earning capacity loss. We find that the prior order contains much the same findings with respect to the claimant's ability to obtain employment as does the present order. However, we note that the points on appeal, as stated by the Industrial Relations Commission in its opinion on review, do not include any contentions with respect to claimant's lack of a job search, or absence of the requisite permanent anatomical disability. We hold that these issues could have, and should have been presented in the prior appeal. See Brevard Board of County Commission v. Caldwell, 379 So.2d 1031 (Fla. 1st DCA 1980). Furthermore, we note that the employer/carrier did make an issue, in the prior appeal, of the sufficiency of findings of fact contained in the prior order. On this point, the Industrial Relations Commission affirmed.
We have not overlooked the language of the Industrial Relations Commission's opinion in which it directed, upon remand, that "the judge may consider the award of permanent partial disability benefits, if warranted on the record." While we do not regard this statement as a ruling on the merits of the claim for disability benefits, it clearly does not preclude such an award. Had there been no basis in the record for a finding of permanent anatomical disability, it would have been incumbent upon the employer/carrier to raise this issue on the first appeal, rather than to await the further order of the Deputy Commissioner awarding permanent partial disability.
In summary, we think it is implicit in the language of the prior order, as well as the present one, that the finding of a wage earning capacity loss is predicated upon permanent anatomical disability, and that the severity of the claimant's injuries and resulting disabilities are such that a job search is excusable.
In view of our disposition of this appeal, it was not error for the Deputy Commissioner to reserve jurisdiction for determination of the amount of attorney's fees to be awarded to claimant's attorney.
AFFIRMED.
MILLS, C.J., and BOOTH, J., concur.

*1144 ON PETITION FOR REHEARING
PER CURIAM.
Appellants have attached their brief to the Industrial Relations Commission (IRC) to their petition for rehearing in support of their contention that lack of an anatomical disability rating and lack of work search were raised and argued before the Commission and that therefore this court erred in basing its opinion on their failure to raise these issues in their prior appeal to the IRC.
Our examination of appellants' brief filed with the IRC shows that the position taken by the E/C before the Judge of Industrial Claims included a contention that the claimant's disability "was limited to anatomical impairment," although there was also a denial that any permanent partial disability was due or owing. We find that under "Statement of The Case" the brief does contain a reference to the fact that Dr. Rapperport, who felt the claimant had sustained a permanent disability, "assigned no disability rating to her." We also note other references in the argument portion of the brief that "claimant must prove the extent of her disability before a compensation award is warranted ...," and that Dr. Rapperport made no mention of "the extent of the claimant's disability." It appears to us, however, that these references were merely incidental to appellants' basic argument that the evidence did not support a permanent total award, and we find no argument made concerning the absence of a percentage of anatomical impairment, nor any specific reference to the fact that such a finding was not included in the judge's order. Although appellants' fifth point in their IRC brief presented the issue of the judge's failure to make sufficient findings of fact as required by law, pointing out the absence of specific findings on the "eight criteria" under Walker v. Electronic Products and Engineering Company, 248 So.2d 161 (Fla. 1971), the IRC gave full consideration to this point and ruled that reversible error had not been demonstrated. Consequently, there was no occasion for the Judge of Industrial Claims to readdress this issue on remand, nor should this court be required to entertain further review on this point. Accordingly, we adhere to our original decision that reversible error has not been presented on this point.
Next we consider appellants' contention that the lack of a work search was raised in the prior appeal. Although the points on appeal do not include any contentions with respect to claimant's lack of a work search, the brief reveals that an argument on this issue was made to the IRC. Therefore we recede from that portion of our prior opinion which indicates that this issue was not presented in the prior appeal as it should have been. Nevertheless, a review of the record anew still mandates our affirmance.
The Deputy Commissioner found "that the claimant has attempted unsuccessfully to rehabilitate herself, but has become progressively more restricted and her condition has worsened, so that while the claimant might be able to do some very light or minimal type work, it would be of the most menial nature, in the opinion of the undersigned Deputy Commissioner." We agree that this finding is supported by competent substantial evidence in the record and constitutes an excusal from a work search. Chicken-`N'-Things v. Murray, supra; Sizemore v. Canaveral Port Authority, supra.
Accordingly, we adhere to the affirmance in this case and the petition for rehearing is DENIED.
MILLS, C.J., and BOOTH and LARRY G. SMITH, JJ., concur.