McCORD, Judge.
Appellants, employer/carrier, appeal from a deputy commissioner’s order finding that appellee/claimant remains temporarily totally disabled and continues to be entitled to temporary total disability benefits. We reverse.
Appellee strained his back in a work-related accident on February 21, 1978. His *628 treating physician, Dr. Freed, diagnosed a strain and was of the opinion that appellee reached maximum medical improvement by February 1979 with a 5% permanent partial impairment. An orthopedic surgeon who examined appellee on December 28, 1978, diagnosed a back strain and was of the opinion that appellee had reached maximum medical improvement by December 28 with a 5% permanent partial impairment. In February 1979, appellee suffered a substantial loss of vision because of a sudden onset of cataracts — a condition unrelated to his accident.
After the hearing, appellee deposed Dr. Freed again on February 26, 1980. In that deposition, Dr. Freed stated that he was concerned about appellee being in a depressed state. He stated that if appellee continued to show signs of depression, psychiatric advice might be of value. Dr. Freed did not testify that the possible psychiatric condition was disabling nor did he state that he had receded from his prior opinion as to the maximum medical improvement date. On the basis of Dr. Freed’s second deposition, the deputy commissioner concluded that appellee remains temporarily totally disabled and ordered benefits accordingly.
The evidence in the record does not support the deputy commissioner’s finding. According to all of the medical testimony, appellee had reached maximum medical improvement from his injury. No doctor testified that the possible psychiatric condition was disabling or resulted from the accident. Therefore, the award of temporary total disability benefits is reversed. Because of the conflict in the doctors’ testimony as to the actual maximum medical improvement date, the case is remanded to the deputy commissioner for a determination of that date and for further proceedings, if necessary, to fully dispose of appellee’s claim.
Reversed and remanded for entry of a new order consistent with this opinion.
LARRY G. SMITH, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.