TILLMAN PEARSON (Retired), Associate Judge.
The claimant has appealed an order of the Deputy Commissioner which denied him workers’ compensation wage loss benefits. There is no issue on this appeal as to the compensability of claimant’s injury. He has been paid permanent partial disability of 15% of the body as a whole. At the final hearing, the claimant contended that his disability exceeded 15% of the body as a whole and sought permanent total disability benefits. The Deputy’s order denied the additional benefits claimed and dismissed the claim. We reverse and hold that the undisputed evidence in this case shows that the claimant has suffered a permanent and total loss of earning capacity.
This claimant, a 76-year-old man, has a prior work history as a machinist, carpenter and maintenance man. He worked for the *234 employer herein as a plant maintenance supervisor for a television station.
The injury occurred when he was moving a heavy computer component. He had to move this piece of equipment twice a day, as he was remodeling some office space. He was able to move the computer by pressing against it with his body and pushing with his arms and legs. His injury was to his back and legs.
After hospitalization,, a medical evaluation resulted in a finding that he had two herniated discs. An operation was not advised and he was told that he would have to live with the condition. Dr. Monyek opined that claimant suffered a 15% permanent partial disability of the body as a whole. He expressed a belief that rehabilitation was unlikely. Claimant testified that Dr. Monyek told him he should not work or try to lift anything. Dr. Monyek testified that the claimant could perform no task whatsoever that required prolonged standing, walking, sitting, or use of the back.
The remaining medical evidence appears in the reports of Doctors Sigal, Nadler, and Terheyden. Dr. Sigal, a chiropractor, treated claimant for sacro-iliac lesion immediately after the injury. Dr. Nadler, an orthopedic surgeon, examined the claimant at the request of the carrier and found osteoarthritis of the lumbar spine. He estimated a small disability from the injury of approximately 3%. Dr. Terheyden, an orthopedic surgeon who examined the claimant during his hospitalization, also assigned a 15% disability of the body as a whole and opined: “The patient appears to be disabled from any type of machinist work except sitting.”
The unusual aspect of this claim is that the claimant returned to his employment at the television station and worked for ten months. There is no conclusion that can in good sense be drawn from the history of this ten months other than that it was a gesture to a faithful old employee. Claimant testified that he did no real work and this is not refuted by the employer. The claimant’s testimony is strongly reinforced by the letter of discharge given to him in June, 1979, which read in part:
Your fellow employees here at Channel 2 have observed with great admiration the way you have continued to perform your work here in the face of recent medical setbacks and the pain and discomfort which surely have accompanied them.
The demands of your position are such that we feel your continued efforts would only be a hazard to your health. In view of this, we have decided that we must invite your resignation effective tomorrow, June 29.
Your contribution to Channel 2, from the earliest years, has been monumental, and we are all grateful to you for it, particularly those of us whose time with the station goes back far enough to remember it all. A termination bonus of a month’s pay has been authorized for you, and is included in the enclosed check. We wish you a speedy recovery from your present medical difficulties, and much pleasure in the years to come.
The claimant’s unrefuted testimony, when considered with that of the doctors and the import of this letter, leads to the inescapable conclusion that claimant’s return to work was sheltered employment. See Richardson v. City of Tampa, 175 So.2d 43 (Fla.1965); Taylor v. Brennan Construction Company, 143 So.2d 320 (Fla.1962); Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla.1960). Therefore, “it was the burden of the [employer] to prove that a job claimant could perform was available.” Richardson v. City of Tampa, supra. The employer having failed to put forth any evidence that work was in fact available for the claimant, he “is entitled to a finding of total disability.” Id., at 45.
Claimant’s work search was limited but we hold it to be adequate under the circumstances of his physical condition and his age as revealed by the record of the proceedings. See Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla.1976); Chicken ‘N’ things v. Murray, 329 So.2d 302 (Fla.1976); Dade County School Board v. Gibavitch, 397 So.2d 1142 (Fla. 1st DCA 1980).
*235 The record mandates a finding that the claimant is permanently totally disabled within the meaning of the Workers’ Compensation Act. The Deputy Commissioner’s order is reversed and the cause remanded with directions to enter a compensation order in accordance with the holding of this opinion. This reversal and remand will require a reconsideration of the question of attorney’s fees. Therefore, we also reverse upon Appellant’s second point which claims the right to an attorney’s fee.
REVERSED AND REMANDED WITH DIRECTIONS.
LARRY G. SMITH, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.