MILLS, Judge.
The deputy awarded Scott permanent total disability compensation. The employer/carrier contend the deputy erred because there was neither evidence of a job search by Scott nor excusal of the job search by the deputy. We agree and reverse.
There is no evidence that Scott conducted a job search after reaching maximum medical improvement. To qualify for permanent compensation in excess of her 15% impairment rating, Scott was required to make some effort to obtain employment within her physical limitations. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975); Brevard County School Board v. King, 378 So.2d 1312 (Fla. 1st DCA 1980).
The deputy did not find that Scott was so physically disabled as to make a job search futile or unnecessary. Under such circumstances, a job search is not required to establish total loss of wage earning capacity. Chicken ’N Things v. Murray, 329 So.2d 302 (Fla.1976); Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla.1976); Caruso v. Crown Liquors, Inc., 379 So.2d 1317 (Fla. 1st DCA 1980).
The pertinent findings of the deputy’s order are as follows:
I find that the claimant is permanently and totally disabled. I base this finding on the claimant’s education, age, prior work experience and the physical limitations placed upon her by her treating physicians. The restrictions of no bending, lifting, stooping, prolonged sitting, *842 standing, or walking would preclude the claimant from normal full-time employment when considered in conjunction with the other above mentioned detriments.
These findings were mere clerical reiterations of the wage earning capacity loss criteria which was condemned in Moses v. Lin Drake Farm, et al., IRC 2-3193, 11 July 1977. No further explanation was given and the order failed to specify what “the other above mentioned detriments” were.
We reverse and remand this case to the deputy for the entry of an order (1) specifying the reasons for his finding Scott permanently and totally disabled and (2) stating whether he excuses Scott from making a job search and,- if excused, the reasons why excused, both without taking further testimony.
ROBERT P. SMITH, Jr., C. J., and SHIVERS, J., concur.