THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order, contending that the deputy commissioner (deputy) erred in finding claimant permanently totally disabled (PTD) based on a 100% diminution of wage earning capacity. We affirm.
Claimant sustained a compensable injury to his back on February 21, 1978. Approximately a year later, claimant suffered a substantial loss of vision due to a sudden onset of cataracts, a condition unrelated to the accident. Claimant was subsequently *658 awarded temporary total disability (TTD) benefits due to his back injury. However, the award of TTD benefits was reversed since all the medical testimony indicated that the claimant had reached maximum medical improvement (MMI). Department of Transportation v. Ferrell, 393 So.2d 627 (Fla. 1st DCA 1981). Due to the conflict in the medical testimony as to the actual date of MMI, the cause was remanded to the deputy.
On remand the deputy found that claimant had reached MMI on December 28,1978 and that claimant was PTD based on a 100% diminution of wage earning capacity. The order indicates that the deputy found the date of MMI, December 28, 1978, from the deposition of Dr. Freed. However, we note that Dr. Whittaker, not Dr. Freed indicated that claimant reached MMI by December 28, 1978. Furthermore, the order indicates that the deputy made the finding of PTD from the deposition of Dr. Henderson. We note, with some disapproval, that the deposition of Dr. Henderson which related to this finding was not transcribed or filed with the Department of Labor and Employment Security, Division of Workers’ Compensation until after the date of the instant order. However, Dr. Henderson’s medical report was before the deputy at the time the order was entered. Since this report contains competent substantial evidence to support the deputy’s finding of PTD, we affirm the order.
Although claimant did not make an adequate work search, it is clear that under the circumstances a work search would have been futile. See Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla.1976). Accordingly, since there is competent substantial evidence to support the deputy’s order, we affirm the finding of PTD based on a 100% loss of wage earning capacity.
JOANOS and WIGGINTON, JJ., concur.