JOANOS, Judge.
The employer/carrier appeal the deputy commissioner’s order finding the claimant permanently totally disabled, setting July 9, 1980, as the date of maximum medical improvement, ordering the payment of temporary total disability benefits from May 29, 1980, to July 9,1980, and reserving jurisdiction to determine whether employer/carrier are entitled to credit for permanent disability payments made between May 29, 1980 and July 9, 1980. We affirm in part and reverse in part.
Claimant, at the time of the injury, March 21, 1979, was a 59 year old cement truck driver. He was standing beside his truck when a bucket hook from a crane hit him in the back of the head. It was indicated that the hook weighed approximately 300 pounds. Competent substantial evidence supports the deputy’s conclusion that claimant is PTD. Although appellants argue that claimant did not make a work search adequate to show loss of wage earning capacity, the record supports the deputy’s findings that “Claimant did make a good faith job search and .. . with Claimant's restrictions and problems he is patently disabled.. .. Claimant cannot even do light work on a steady basis.” See Red Oak Farms, Inc. v. Scott, 408 So.2d 841 (Fla. 1st DCA 1982); Lancaster Youth Development Center v. Waters, 381 So.2d 1156 (Fla. 1st DCA 1980); Caruso v. Crown Liquors, Inc., 379 So.2d 1317 (Fla. 1st DCA 1980).
With regard to the date of MMI, however, we agree with appellants’ argument that the date should have been set at May 29, 1980. The deputy’s selection of the date of MMI was based on Dr. Ortiz’s testimony. Dr. Ortiz, an examining physician, saw claimant only twice, on July 9, 1979, and July 9, 1980. He gave an opinion, following the second visit, that claimant had reached MMI on or before July 9,1980, and that by this second visit, everything that should have been done for the claimant had been done. The treating physician Dr. Yates, on the other hand, was in a position to set a definite date of MMI, and he testified it occurred on May 29, 1980. Dr. Ortiz’s opinion does not conflict with Dr. Yates’ opinion.
In light of our determination that the date of MMI should have been May 29, 1980, further benefits for temporary total disability were not due, therefore no question remains as to any credit due employ *808 er/carrier for payments attributed to permanent disability made after May 29, 1980.
The permanent total disability award is AFFIRMED. The order is REVERSED as to the date of MMI, the payment of additional temporary total disability benefits, and the reservation of jurisdiction to resolve the credit issue.
THOMPSON and WIGGINTON, JJ., concur.