440 So.2d 488 (1983)
STRUCTURAL FORMING, INC. and Hewitt, Coleman & Associates, Inc., Appellants,
v.
Joe MAS, Appellee.
No. AQ-397.
District Court of Appeal of Florida, First District.
November 7, 1983.
Richard E. Hodges of Miller, Hodges & Kagan, Miami, for appellants.
Jay M. Levy of Silver, Levy & Hershoff, Miami, for appellee.
PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner awarding wage-loss benefits and attorney fees. We affirm in part and reverse in part.
*489 The deputy found that claimant was able to return to work on May 29, 1980, and denied a claim for TTD benefits after that date. The deputy awarded wage-loss benefits from November 10, 1980, totaling $8,386.13. After a separate hearing, the deputy awarded $3,000 attorney fees, based on findings that the employer/carrier had taken no affirmative action to determine the wage-loss status of the claimant and that the claimant sustained economic hardship by reason of the employer/carrier's failure to supply wage-loss forms.
Appellants assert that the deputy erred in awarding wage-loss benefits, since claimant was provided light-duty work by his employer and by his brother-in-law, both of which jobs claimant voluntarily terminated. Appellants assert that claimant made no attempt to return to work again until April, 1982, even though work was available to him; that claimant has failed to conduct a good-faith work search, has refused to perform work within his capabilities, and has voluntarily limited his income.
Jose Mas, a 50-year-old laborer with a sixth grade education who speaks little English, was injured in an industrial accident on January 7, 1980, when he fell from the third story of a building, sustaining injuries to his head, back, and leg; temporary total disability benefits were paid to May 20, 1980. Claimant was released April 29, 1980 as MMI "neurologically," with a ten percent permanent disability of the body as a whole. Claimant was released to return to work May 29, 1980 by the orthopedic surgeon, who reported claimant as MMI "orthopedically" on November 10, 1980, with a twenty percent disability of the body as a whole, and able to return to light, sedentary work. Finally, claimant was released with no psychiatric disabilities on November 11, 1980.
This court in Dade County School Board v. Gibavitch, 397 So.2d 1142 (Fla. 1st DCA 1980), stated the two basic prerequisites of a wage-loss award: (1) some permanent anatomical impairment, and (2) a reasonable work search, unless failure to conduct a work search is excused by claimant's physical or mental condition. There is no presumption of loss of earning capacity. Southern Bell Telephone & Telegraph Company v. Bell, 116 So.2d 617 (Fla. 1959).
In the instant case, claimant admitted that he had not looked for work from the time he quit his light-duty job with the employer until over 14 months later, when he took a part-time job sweeping at Sears. There is no medical evidence to excuse his failure to conduct a work search, since all of his doctors agreed that he was able to work at a light-duty job. Claimant contends that he quit the light-duty job with his employer, and subsequently the light-duty, part-time job at Sears, because of pain in his back and leg. However, pain alone does not necessarily indicate a loss of wage-earning capacity, nor is it an excuse for not seeking a job. J.T. Johnson v. Stanfill Drywall Services, 414 So.2d 24 (Fla. 1st DCA 1982); Brevard County School Board v. King, 378 So.2d 1312 (Fla. 1st DCA 1980). We therefore reverse the award of wage-loss benefits from November 10, 1982 to the date claimant began working part time at Sears, since claimant has admitted that he did not look for work during that period.
Competent, substantial evidence in the record supports the deputy's finding of a good-faith work search during the six-month period from the Sears job to the date of hearing; the award of wage-loss benefits for this period is affirmed.
This cause is remanded to the deputy for reconsideration of attorney fees, with the direction that the statutory ground upon which entitlement to attorney fees is based be stated by the deputy and that, if attorney fees in excess of the statutory schedule are awarded, the specific criteria considered in setting the amount of the fee be stated.
The cause is affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON, JJ., concur.