454 So.2d 81 (1984)
Gideon HINDS, Appellant,
v.
ORLANDO CONCRETE CONTRACTORS and Reliance Insurance Company, Appellees.
No. AW-384.
District Court of Appeal of Florida, First District.
August 17, 1984.
*82 David M. Hammond, Orlando, for appellant.
Joseph E. Smith, of Ferrara & Smith, Altamonte Springs, for appellees.
JOANOS, Judge.
Appellant appeals the deputy commissioner's denial of his claim for temporary total or temporary partial disability or wage loss benefits from January 13, 1983, through October 10, 1983. We reverse in part.
The deputy commissioner denied wage loss benefits for the period January 13, 1983 through October 10, 1983, giving as ground therefor that claimant's work search was totally inadequate. The record reflects that evidence regarding appellant's work search during September 1983 forward was not considered at the hearing in that the time period for acceptance or rejection of such claim had not run at the date of hearing, i.e., October 10, 1983. Since claim for wage loss benefits for September 1983 through October 10, 1983, was not ripe for adjudication at the October 10, 1983 hearing, that portion of the deputy's order denying wage loss benefits from September 1983 through October 10, 1983 was improper. Odom v. Wekiva Concrete Products, 443 So.2d 331 (Fla. 1st DCA 1983); Flesche v. Interstate Warehouse, 411 So.2d 919, 923 n. 7 (Fla. 1st DCA 1982); Ardmore Farms, Inc. v. Squires, 395 So.2d 268, 270 (Fla. 1st DCA 1981).
With regard to the adequacy of appellant's work search, we do not disturb the deputy commissioner's findings on this point for absent a clear abuse of discretion a deputy commissioner's findings of fact will be affirmed. We do note that the deputy commissioner's written findings should have been more detailed. However, there was competent and substantial evidence in the record to support his conclusions. We do direct that in the future the written findings be set out in more detailed and specific form. If we cannot readily ascertain the evidence supporting the conclusions in an order, we shall not and have not hesitated to disapprove an order. Evans v. Orlando Work Force, 449 So.2d 992 (Fla. 1st DCA 1984), Opinion filed May 15, 1984, citing Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980), and Rule 8(b), Florida Workers' Compensation Rules of Procedure. The record in this case indicates that from January 13, 1983 until July 1983, appellant kept no written record of the employment contacts he made. Further although appellant testified and provided some evidence that during the January to July period he searched for work every month save one, when he was in such a depressed state he could not cope with seeking employment, there was reason for the deputy commissioner to determine from the evidence that appellant's efforts were not sufficient.
In addition to finding appellant's work search inadequate, the deputy commissioner also based denial of wage loss benefits on a finding that appellant failed to perform work provided that was within the limitations and restrictions prescribed by the treating physician. There is conflicting evidence in the record with regard to the ability of appellant to perform this work provided by the employer, Orlando Concrete Contractors. Appellant testified that the work provided was beyond his ability to perform, because it caused pain and swelling in his right hand and arm. The treating physician testified that in his opinion, appellant could perform "light work" but he declined to say that the work provided by the employer was within appellant's capabilities, declaring that he was not qualified to make that judgment. Sharon Paine, Rehabilitation Nurse, testified that she visited the job site and was able to perform herself with one hand the job duties that had been assigned to appellant. Jack McLean, the foreman who assigned duties to appellant, denied that the Rehabilitation Nurse actually performed the tasks. However, the deputy commissioner clearly *83 relied upon the testimony of Paine, in arriving at his conclusion that the work provided was within the limitations and restrictions prescribed for appellant. It was within the discretion of the finder of the facts to make that determination despite evidence to the contrary. Swanigan v. Dobbs House, 442 So.2d 1026, 1027 (Fla. 1st DCA 1983).
We reverse that portion of the order which denied wage loss benefits from September through October 10, 1983, and affirm the denial of wage loss benefits from January 13, 1983 through August 1983.
ERVIN, C.J., and NIMMONS, J., concur.