472 So.2d 1281 (1985)
PARAMOUNT POULTRY and Gab Business Services, Inc., Appellants,
v.
Louise MIMS, Appellee.
No. BC-389.
District Court of Appeal of Florida, First District.
July 10, 1985.
Rehearing Denied August 12, 1985.
William W. Massey, III, of Massey & Poucher, Jacksonville, for appellants.
*1282 John J. Schickel, of Coker, Myers & Schickel, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
We affirm the workers' compensation order which grants claimant wage-loss benefits for the period March 1983 through February 1984.
Claimant, a 46-year-old woman with a fourth grade education and unable to read or write, injured her lower back when she fell March 13, 1980, while working for the employer. She had been employed at the poultry processing plant for nearly thirty years, and her duties consisted of cleaning chickens while standing at an assembly line processing the chickens. Claimant reached maximum medical improvement January 21, 1983, and was given permanent impairment ratings by an orthopedic surgeon and a chiropractor. They imposed restrictions on bending, lifting, prolonged standing, climbing, crawling, or twisting. The record reveals, also, that she was suffering from chronic pain syndrome and conversion reaction. The chiropractor's report stated that "it would not be advisable for her to return to the former occupation, or any occupation, which would include physical requirement as outlined above" (R. 241).
During most of her thirty years working experience, claimant had been employed by this employer or its predecessor. The briefs indicate the employer made two offers of work to claimant after terminating her employment while she was in the hospital recovering from her back injury. One such job involved folding boxes, but claimant was unable to perform this or the other sheltered work because of pain. The carrier's personnel manager testified that he "took one look at [claimant] and recognized that with her mobility she would be unable to do the ... job because of the mobility aspect of the job" (R. 21). Nor was claimant able to do any other sheltered employment offered by the employer because of her physical limitations and chronic pain. Claimant's work search at other places of employment was admittedly sparse.
The defense asserted by the employer and carrier that claimant had not performed an adequate job search and had voluntarily limited her income during the period of claimed wage loss was rejected by the deputy commissioner. The deputy granted claimant's wage-loss claim upon his finding that claimant "acted in good faith and attempted not only the work offered to her by the employer but also attempted to find other work. Her work search was adequate and sincere under the circumstances" (R. 372). The deputy's finding was expressly made upon his consideration of claimant's extremely limited educational and intellectual capacities, her inability to read or write, her psychiatric problems resulting from the accident, her permanent impairment ratings assigned by the orthopedic surgeon and the chiropractor, and the physical limitations, pain, and other difficulties suffered by claimant. The deputy expressly found that claimant had not refused work that she was physically capable of performing.
The record contains sufficient competent, substantial evidence to sustain the deputy's findings. The deputy has not departed from the requirements of law in granting claimant's wage-loss claim in this instance. Although claimant's physicians did not testify that claimant was totally prohibited from performing any kind of light work, an unqualified statement by a physician to that effect is not an essential prerequisite to the award of wage-loss benefits. Ordinarily whether claimant has performed a good faith work search or is excused from performing further work search under the requirements of section 440.15 is a question of fact for the deputy commissioner to decide. In passing on the sufficiency of the work search or whether claimant has voluntarily limited her employment or failed to accept employment commensurate with her abilities, the deputy's responsibility is to decide whether claimant's efforts were reasonable and performed in good faith in light of all the existing circumstances, not simply in light of the physician's statement that claimant should be able to perform some light work. *1283 Thus, in addition to the physician's testimony, the deputy should examine "the claimant's actual physical impairment, age, industrial history, training and education, motivation, work experience, work record, diligence and the like." Regency Inn v. Johnson, 422 So.2d 870, 877, n. 5 (Fla. 1st DCA 1982). As was stated in Regency Inn:
There are, of course, an infinite number of facts and circumstances which may bear upon the adequacy or good faith of a work search, but the mere articulation of some work search deficiency under the facts of a particular case does not convert that element into an essential evidentiary requirement to be met by affirmative proof in every case.
422 So.2d at 877-78.
Our review of the record indicates that the deputy properly considered these various factors and gave no undue controlling effect to any single factor. Since the record contains competent, substantial evidence to support the deputy's findings, the order must be affirmed.
Appellants have argued that our decision in Structural Forming, Inc. v. Mas, 440 So.2d 488 (Fla. 1st DCA 1983), is identical to this case and requires reversal of the appealed order. But that decision is materially distinguishable. The deputy's finding of an adequate work search in that case was reversed because the evidence established without dispute that the claimant was authorized to perform light-duty work and made no attempt to return to work even though work was available to him. On the other hand, in the instant case the evidence supports the deputy's finding that claimant attempted to return to work, albeit unsuccessfully, and at no time refused employment within her capabilities.
AFFIRMED.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting.
The claimant's job search, characterized by the majority as "admittedly sparse," was, in my view, patently inadequate to support the deputy's wage loss benefit award. The orthopedic doctor, who treated the claimant, assigned a permanent impairment of 5% while the treating chiropractor assigned a 10% rating.[1] Both agreed that the claimant was able to perform light duty work. The fact that the claimant says that pain prevented her from continuing beyond one day the sheltered job offered by the employer does not excuse her from the obligation to perform a good faith work search. Unlike the majority, I am unable to materially distinguish our previous opinion in Structural Forming, Inc. v. Mas, 440 So.2d 488 (Fla. 1st DCA 1983), in which we reversed a wage loss award and stated:
There is no medical evidence to excuse his failure to conduct a work search, since all of his doctors agreed that he was able to work at a light-duty job. Claimant contends that he quit the light-duty job with his employer, and subsequently the light-duty, part-time job at Sears, because of pain in his back and leg. However, pain alone does not necessarily indicate a loss of wage-earning capacity, nor is it an excuse for not seeking a job.
Id. at 489.
Finally, I do not agree that the majority's reliance upon footnote 5 of Regency Inn v. Johnson, 422 So.2d 870, 877 (Fla. 1st DCA 1982), is appropriate to salvage the deputy's award in view of the fact that the claimant's work search was virtually non-existent.
I would reverse.
NOTES
[1] The deputy's order erroneously found a permanent impairment of 15%.