SHIVERS, Judge.
The claimant in this workers’ compensation case suffered injuries to his head, neck, and back when a steel door fell on him during the course of his employment.
Dr. Kornberg treated the claimant and found that he reached maximum medical improvement on June 22, 1987 with a 15% *304 permanent physical impairment to the body as a whole. The doctor found a bulging disc and cervical symptoms with motion limitation. Dr. Kornberg released claimant to work around mid July 1987. Around that time claimant received a letter from the carrier informing him of his requirement to perform a work search in order to be eligible for wage loss benefits; however, claimant contended that he did not understand the meaning of this letter.
Claimant submitted a request for wage loss benefits with work search forms for July and August 1987. No forms were filed for September, October, and November 1987. The employer/carrier (E/C) refused to pay any wage loss benefits to claimant.
At the hearing claimant testified as follows:
Q. Now, you ceased doing a job search at least for the months of September, October, November and at least part of this month, December; is that true?
A. Yes. I didn’t think it was a big issue.
Q. Why did you not think it was a big issue?
A. I didn’t think it should have any effect on me getting my money.
Q. Did anybody tell you that?
A. Nobody told me that.
Q. Did your condition change from what it was in July and August of 1987 to what it was in September of 1987?
A. Did my condition change?
Q. Yes. Did your physical condition change?
A. No. It’s just like I said, it’s good days and bad days.
The deputy commissioner (DC) found that claimant’s work search from July 10, 1987 to December 1, 1987 was adequate and he awarded wage loss benefits for this period. He ordered that the wage loss benefits for the months of September, October, and November 1987 shall be paid when wage loss forms are submitted and that claimant is entitled to costs as he prevailed at the hearing. In support of this order, the DC opined that although claimant looked for more jobs initially than later on, taken as a whole, his job search met the good faith requirements of the Act. We disagree.
We begin our consideration with the knowledge that a DC’s findings on the adequacy of a work search are factual findings and will go undisturbed in the absence of a clear abuse of discretion. Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984).
Claimant testified that he did not look for work during September, October, November, and at least part of December. A claimant is not entitled to wage loss benefits, absent medical evidence that he is unable to work, for time periods which he admits he did not search for work. Structural Forming, Inc. v. Mas, 440 So.2d 488 (Fla. 1st DCA 1983). The instant case is more akin to Mas than the Paramount Poultry v. Mims, 472 So.2d 1281 (Fla. 1st DCA 1985) case advanced by claimant which distinguishes Mas on the facts. 472 So.2d at 1283. Paramount Poultry involved an illiterate, unskilled claimant who unsuccessfully tried to return to work and at no time refused employment within her capabilities. There the DC’s finding of an adequate work search was affirmed because “claimant’s efforts were reasonable and performed in good faith in light of all the existing circumstances Id. at 1283. (emphasis in original) The instant case, as in Mas, does not involve circumstances that justify a finding of adequacy particularly where claimant admits he made no search effort during the pertinent months.
This is not a case where claimant was confused about his obligation to perform a work search or where the E/C was remiss in informing him of the obligation as discussed in Uniweld Products, Inc. v. Lopez, 511 So.2d 758 (Fla. 1st DCA 1987) (The DC’s excusing claimant from a work search due to a “very confused situation” was reversed where the record showed that claimant was adequately notified that she was released to perform light duty and that her employer had a job for her.) Instead, the record here demonstrates that claimant *305 received a letter from the carrier in mid July after which claimant responded by submitting completed wage loss and work search forms for July and August. Though he testified that he did not understand the letter, claimant nevertheless understood his obligation with respect to July and August and evidently entertained an incorrect assumption with respect to the following months of September, October, and November. In addition, it is clear from the record that claimant did not look for work any of those months.
We reverse that portion of the DC’s order which awards wage loss benefits for September, October, and November because claimant did not look for work during those months and because there was not a sufficient amount of confusion surrounding his obligation to do so. The DC does not have the discretion to allow wage loss benefits to claimant under these facts.
We affirm the DC’s award of costs to the claimant.
AFFIRMED IN PART, AND REVERSED IN PART.
BOOTH and THOMPSON, JJ., concur.