DAVIS, Judge.
Claimant James Finke filed a petition for benefits seeking wage loss benefits for a two week period in 1994. The judge of compensation claims (hereinafter “JCC”) found that the claimant had conducted a good faith work search in the first of those two weeks, contacting five prospective employers. Accordingly, the JCC awarded benefits for that week. However, the JCC found, the claimant did not conduct any work search in the second week of the biweekly period. Therefore she denied benefits for that week. Claimant has appealed that ruling, asserting that the JCC was required to award benefits for the entire two week period after finding that the claimant’s work search was adequate in the first week. The claimant also asserts that there was no competent substantial evidence to support the JCC’s determination that he had failed to conduct a work search in that second week. We affirm.
There is competent substantial evidence in the record to support the factual finding that the claimant did not conduct a work search in the second week of the relevant period. We can not disturb that finding on appeal. See Cumberland Farms, Inc. v. Manning, 685 So.2d 64 (Fla. 1st DCA 1996); Mercy Hospital v. Holmes, 679 So.2d 860 (Fla. 1st DCA 1996).
The JCC’s “findings on the adequacy of a work search are factual findings and will go undisturbed in the absence of a clear abuse of discretion.” Lowe’s of Kissimmee v. Monroe, 536 So.2d 303, 304 (Fla. 1st DCA 1988). See also Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984). While the statutes establish that the claimant must, at a minimum, contact five prospective employers in a biweekly period, and submit biweekly job search reports, that *995 does not guarantee that the claimant is entitled to benefits if he does so. See Korody v. Quality Steel, 694 So.2d 40 (Fla. 1st DCA 1997)(rejecting argument that claimant was entitled as a matter of law to wage loss benefits in periods during which he contacted six prospective employers). Having found no authority for the claimant’s proposition that the JCC is obligated as a matter of law to award or decline to award wage loss benefits in two week increments, we conclude that it was within the discretion of the JCC to decline to award benefits for the week in which the claimant conducted no work search.
Accordingly, this case is AFFIRMED.
KAHN and BENTON, JJ., concur.