WIGGINTON, Judge.
Appellants, employer/carrier, bring this case for a second review of an order entered by the deputy commissioner in February, 1982, and for review of orders entered in January and February, 1983.
In his initial order, the deputy found claimant Friedman’s injury to be compensa-ble and awarded certain benefits but withheld determination of the patently mature issue of wage loss that was squarely in controversy. Relying on Town of Palm Beach, et al. v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982), we dismissed the employer/carrier’s appeal from the February, 1982 order, finding it to be interlocutory and non-appealable. This court’s sua sponte dismissal was without prejudice for either party to seek review of a final order. Crown Hotel v. Friedman, 420 So.2d 418 (Fla. 1st DCA 1982).
The January and February, 1983 orders entered by the deputy followed this Court’s dismissal and resolved all remaining controverted issues.
*994 In this second appeal, employer/carrier contend in their initial point that the deputy, having established a maximum medical improvement date in the February, 1982 order, erred in reserving jurisdiction as to the wage loss issue and then, after dismissal of the first appeal holding a new hearing wherein Friedman was permitted to present evidence of a recently performed job search. It was that search which became the basis of the deputy’s finding that Friedman was permanently and totally disabled. The deputy’s reservation of jurisdiction and the allowance of further evidence on the question of wage loss earning capacity was within his discretion. In Town of Palm Beach, supra, we stated:
A deputy may also enter interim orders as to a portion of a claim before him, but by definition such a ruling is interlocutory when it disposes of less than all matters which are ripe for determination and not stipulated between the parties on the claim. The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982); General Electric Co. v. Hawkins, 413 So.2d 836 (Fla. 1st DCA 1982).
At 1313.
In points II and IV, employer/carrier assert that the deputy erred in finding Friedman entitled to certain temporary total disability benefits and to 100 percent wage-loss benefits. Substantial competent evidence supports both findings.
The record shows that Friedman’s injury occurred on December 22, 1980 and the employer was aware of the injury on the day that it happened. Employer/carrier provided no benefits to Friedman and failed to file a notice to controvert until April 22, 1981, followed then by Friedman submitting his claim on June 1, 1981. The deputy imposed penalties on employer/carrier pursuant to section 440.20(7), Florida Statutes, for the temporary total disability, permanent total disability, and medical benefits awarded. However, in his February, 1983 order, the deputy struck the penalties as to permanent total disability and medical benefits, pursuant to a stipulation by the parties. Therefore, the only assessed penalties remaining and not obviated by the stipulation are as to temporary total disability benefits.
In point III, employer/carrier challenge the imposition of all of the penalties, arguing that no penalties may be assessed as to benefits accruing subsequent to their filing of the notice to controvert. However, section 440.20(6) requires that a notice to controvert be filed “on or before the twenty-first day” 'after the employer/carrier has knowledge of the alleged injury or, if the employer or carrier initially accepts the claim but subsequently controverts it, the notice of controversion must be filed within ten days after the date of initial cessation of benefits. Section 440.20(7) provides for the assessment of penalties on benefits awarded “unless notice is filed under subsection (6) .... ” Employer/carrier cannot rely upon that statutory exemption from penalties in this case since their notice to controvert was not filed timely under section 440.20(6). Therefore, the penalties attaching to the temporary total disability benefits are affirmed.
In their final point, employer/carrier challenge the deputy’s excusal of the nonfil-ing of medical reports required by section 440.13(1), Florida Statutes. The deputy’s articulated excusal of the nonfiling was merely that:
The employer/carrier controverted the entire claim, and as a matter of fact have not made any payments whatsoever up to date. The filing of medical reports is deemed to be excused on the basis of the law enunciated in Hardware Mutual Casualty Company v. Sutton, 197 So.2d 502.
The order contained no further elaboration of his reasons for relying on the Sutton case, in which the court excused the filing of medical bills because of the confused legal situation of whether the claimant, in that case, was an employee or an independent contractor. The only two reasons cited by the deputy in the instant case to establish good cause for the refusal to file medical bills — that employer/carrier contested the claim and has not provided any *995 medical services — have been specifically held by this Court to be insufficient grounds alone for excusal of the section 440.13(1) requirement. See Gory Associated Industries v. Thomas, 402 So.2d 1341 (Fla. 1st DCA 1981) and Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981). As in Gory and Weiby, we reverse and remand on this point to the deputy commissioner for a further determination of whether good cause existed to excuse the filing of medical bills.
Affirmed in part, reversed in part, and remanded.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.