458 So.2d 31 (1984)
BAY STEEL ERECTIONS and United States Fidelity and Guaranty, Appellants,
v.
Andrew CHUNG and the Division of Workers' Compensation, Appellee.
No. AX-308.
District Court of Appeal of Florida, First District.
October 12, 1984.
Rehearing Denied November 8, 1984.
Robert H. Gregory, Miami, for appellants.
Brian R. Hersh, Law Offices of Hersh & Bernstein, Miami, for appellee.
SMITH, Judge.
The deputy commissioner's order awarding claimant wage loss benefits is reversed insofar as it excuses claimant from the requirement of filing wage loss benefits forms for the period of April 30, 1980, through January 6, 1982. The evidence presented below shows that the claimant asked for "Request for Wage Loss Benefits" forms (LES Form BCL-13b (Rev. 6-79)) from the carrier, but the carrier neglected to send the forms to claimant. While the claimant's untimely filing of the forms may be excused due to the employer/carrier's negligence, Gall Silica Mining Co. v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981), we see no reason based upon the record before us, to waive the filing requirement entirely. Without these wage loss benefits forms it is impossible to determine accurately the amount of wage loss benefits due unless and until the E/C are informed of the amount of wages, if any, actually earned by the claimant during the months involved. See Ardmore Farms v. Smith, 423 So.2d 1039, 1043 (Fla. 1st DCA 1982). Moreover, these forms apprise the employer/carrier of any other benefits, such as social security, received by the claimant.
In all other respects, the deputy commissioner's award of wage loss benefits and temporary disability benefits is affirmed. Accordingly, the deputy's order is affirmed in part, reversed in part, and the cause is remanded with directions that claimant be required to complete and file wage loss benefit forms for the months which these forms were not filed.
BOOTH and THOMPSON, JJ., concur.