469 So.2d 235 (1985)
Barbara J. HULBERT, Appellant,
v.
AVIS RENT-A-CAR SYSTEMS, INC. and Liberty Mutual Insurance, Appellees.
No. BC-239.
District Court of Appeal of Florida, First District.
May 29, 1985.
Margaret E. Sojourner, of Daze and Sojourner, Orlando, for appellant.
Bernard J. Zimmerman and Rex A. Hurley, of Zimmerman, Shuffield, Kiser and Sutcliffe, Orlando, for appellees.
BARFIELD, Judge.
In this worker's compensation appeal, appellant contends that the deputy commissioner erred in denying her claims for penalties and interest on wage loss benefits that were paid late. We find merit in appellant's arguments and reverse.
Appellant was injured in April of 1981 when she fell in a parking lot. After a short absence she returned to work, but she sought medical care in September of 1981 when her condition worsened. The problem was diagnosed as thrombophlebitis and, after treatment, claimant returned to work. She was hospitalized in January of *236 1982, however, and with the exception of one brief period of two weeks, had not been able to return to work as of the time of the hearing in this matter.
Because of the procedural posture of this case, the record is incomplete as to the early handling of the claim. It appears, however, that the employer/carrier (E/C) denied the compensability of the claim on grounds that it was merely a flare-up of a pre-existing condition and unrelated to any industrial accident. By order of November 28, 1983, the causation issue was resolved in favor of claimant; that order related solely to rehabilitation services.
In the course of the litigation, E/C's attorney deposed Dr. Bloome, claimant's treating physician. At his deposition of May 11, 1983, Dr. Bloome testified that claimant's date of maximum medical improvement (MMI) was April, 1982, and that claimant had a 50 to 95% permanent impairment under the AMA Guides for deep vein thrombophlebitis of the left leg.
A hearing was scheduled for March 13, 1984, on a claim for temporary total disability (TTD) benefits, payment of medical costs, and authorization of continuing medical care. The parties stipulated to the resolution of the claims prior to hearing and their stipulation was ratified by the deputy's order of March 15, 1984. That order found that claimant was TTD from January 10, 1982 through March 17, 1982 and from April 3, 1982 to April 16, 1982, and from February 16, 1984 to date due to a flare-up. The parties appeared to accept Dr. Bloome's MMI date of April, 1982. The deputy ordered:
That the employer/carrier shall provide to the claimant wage loss request forms for the period April 16, 1982 through February 16, 1984, and continue to provide such forms to the claimant after her present exacerbation of phlebitis resolves.
Shortly thereafter, E/C provided claimant with wage loss (WL) forms. They were completed and returned in early April and the carrier paid the 22 months' WL benefits within a week or ten days.
Claimant then brought the claim here on appeal seeking, inter alia, penalties and interest on the wage loss benefits and attorney's fees. By order of August 23, 1984, that claim was denied on grounds that the deputy "specifically accept[ed] the testimony of Mr. Charles Penuel representative of the employer/carrier that these benefits were timely paid to the claimant."
Initially, we reject the deputy's reliance on Mr. Penuel's testimony as to the timeliness of the payments. Penuel simply testified that the benefits were paid promptly when the forms were received; that is not, however, dispositive of the legal question as to whether E/C conducted themselves so as to avoid the payment of penalties and interest on the WL benefits. We find that they did not.
Fla. Stat. section 440.20(4) (Supp. 1980), provides:
Benefits payable pursuant to s. 440.15(3)(b) or (4) shall be paid monthly, subsequent to the termination of the period for which such payments are due, within 14 days of the date upon which the carrier or employer has knowledge of the compensable wage loss.
Penalties and interest may be assessed on compensation not timely paid; see id. at section 440.20(7), (8), and (9). The pivotal issue in this case is, then, determination of when the carrier first had knowledge of claimant's compensable wage loss. E/C's argument that they did not have such knowledge until the forms were received is contrary to controlling case law and the rules of the Division of Worker's Compensation.
Even if earlier proceedings are ignored, it is clear that when their counsel took the deposition of Dr. Bloome on May 11, 1983, E/C learned of Dr. Bloome's opinion that claimant had reached MMI over a year previously and that claimant suffered from a substantial permanent impairment. At that point, E/C could not ignore the situation. FAC Rule 38F-3.18(2), as then *237 in effect,[1] provided: "In cases where wage loss benefits may become payable the carrier shall notify the employee, the employer and the Division by furnishing the statement prescribed by Rule 38F-3.17 and furnishing the employee with Request for Wage Loss Benefits (LES Form BCL-13b) within twenty (20) days of its first knowledge of the permanent impairment." (emphasis added). See also Rule 38F-3.03 (The carrier ... shall furnish [wage loss forms] to the employee as required by these rules.") Rules 3.18(3) and 3.12 indicate that the E/C must furnish the forms even if they disagree with the entitlement to benefits  the proper vehicle to voice disagreement is a Notice to Controvert. Thus, E/C's actions in this case were in violation of the applicable rules.[2]
Additionally, the E/C violated the basic self-executing nature of Florida Workers' Compensation Law.
As a corollary to the expanded duties of the division, the 1979 amendments increased the burden upon the carrier to investigate and promptly resolve claims based upon their merit.
* * * * * *
It is our conclusion that the 1979 changes, partially reviewed here, give ample notice that the new Workers' Compensation Law will not tolerate passive disapproval and rejection of claims on mere technical matters of form. The delay or denial of payment, without a showing of active effort and initiative on the part of the carrier to fairly and expeditiously determine its obligation to place needed benefits in the hands of the injured worker is totally inconsistent, in our view, with the notion that a claimant is entitled under this law to have his benefits paid without the necessity of first seeking the advice and services of an attorney for the simple purpose of making his claim of entitlement to benefits known to the carrier.
Florida Erection Services v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981); see also, Ardmore Farms v. Smith, 423 So.2d 1039 (Fla. 1st DCA 1982) (en banc). Although both of those cases involved refusal to pay wage loss on grounds that the forms were not properly completed, the philosophy expressed therein supports our conclusion. See also Car Stop Unlimited v. Salmon, 404 So.2d 172 (Fla. 1st DCA 1981) (application for hearing gave E/C sufficient notice of WL claim to require action).
E/C rely on this court's opinion in Bay Steel Erections v. Chung, 458 So.2d 31 (Fla. 1st DCA 1984). There, the claimant requested WL forms from the E/C but they were not provided. This court reversed a deputy's order which excused claimant from filing the forms and we held that benefits were not due until completed forms were submitted. While Chung can be construed to support E/C's contentions, we choose to limit Chung to its facts and holding. Accordingly, this E/C and others may decline to pay WL benefits until completed forms are submitted, but do so at the risk of penalties and interest if they have not performed their statutory and rule-imposed obligations regarding wage loss benefits.
We therefore reverse the order denying penalties and interest and remand to the deputy for a determination, in accordance with this opinion, of the earliest date that E/C had knowledge of the compensable wage loss and calculation of resulting penalties and interest due. That date is certainly no later than May 11, 1983, when Dr. Bloome opined that claimant had reached MMI over a year earlier. The deputy may also reconsider his denial of the claimant's request for an award of fees for the services *238 of her attorney in the proceedings below.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Rules 3.17 and .18 were amended in 1984 but the operative provisions quoted here were unchanged.
[2] The rules were promulgated under authority of Fla. Stat. section 440.185(10) (Supp. 1980), which provided in part:

The division shall require by rule that the employer inform a worker who suffers a permanent impairment of his possible entitlement to wage loss and other benefits... .