474 So.2d 12 (1985)
LEONARD M. KING PEST CONTROL and Claims Center, Appellants,
v.
Senor Lee DIXON, Appellee.
No. AY-123.
District Court of Appeal of Florida, First District.
August 14, 1985.
Miller, Hodges & Kagen, P.A., Deerfield Beach, for appellants.
Williams & Zientz, Coral Gables, and Joseph C. Segor, Miami, for appellee.
PER CURIAM.
In this workers' compensation case the employer and carrier appeal an order awarding temporary partial disability benefits, medical bills, penalties, and interest. Seven issues are raised on appeal, only two of which merit a brief discussion.
The employer and carrier contend that the award of penalties to claimant for late payment of benefits was error because the evidence reveals that claimant never submitted temporary partial disability request forms to the employer and carrier and, therefore, such benefits never became due. We reject this contention. The self-executing purpose of the 1979 amendments to the workers' compensation act places on employers and carriers who know or should know that benefits are due an obligation to take affirmative steps to make such benefits available to the deserving claimant. The employer cannot simply sit passively by and wait for the employee claimant to take all the initiative. The record before us clearly reveals that the employer and carrier knew that claimant had not reached *13 maximum medical improvement and had filed a claim for benefits. Accordingly, the employer and carrier was on notice of claimant's potential compensable wage loss and was required at that point to take action to determine entitlement to benefits and to place those benefits in claimant's hands. We recently stated in Hulbert v. Avis Rent-A-Car Systems, Inc., 469 So.2d 235, 236 (Fla. 1st DCA 1985), that the employer and carrier "may decline to pay [wage-loss] benefits until completed forms are submitted, but do so at the risk of penalties and interest if they have not performed their statutory and rule imposed obligations regarding wage loss benefits." See also Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982).
Claimant concedes error in the award of medical expenses relating to Dr. Vinsant because the medical bills were not placed in evidence. We reverse this award with directions to reconsider upon proper proof of the medical bills.
In all other respects we find competent, substantial evidence in the record to support the deputy's findings.
AFFIRMED in part and REVERSED in part.
WENTWORTH, NIMMONS and ZEHMER, JJ., concur.