NIMMONS, Judge.
The employer/carrier appeal an order of the deputy commissioner awarding claimant temporary total disability benefits, remedial medical attention, medical expenses, and attorney’s fees. We affirm in part and reverse in part.
Five issues have been raised on this appeal, only two of which merit discussion. These two issues concern the award of temporary total disability benefits and the award of medical expenses.
The deputy awarded temporary total disability benefits to claimant from January 8, 1984 to the date of the order, May 23, 1985. While we find that there is competent substantial evidence to support an award of temporary total disability benefits from January 8, 1984 to April 25, 1984, the evidence is insufficient to support the award after April 25, 1984. Claimant’s physician stated in a report dated April 25, 1984 that the claimant could resume working. Further, the claimant testified that during an April 1984 visit with his physician he was informed that he was released to work. Claimant also admitted that after obtaining this information he did not perform any type of a job search. The award of temporary total disability benefits from April 25, 1984 to May 23, 1985 is therefore Reversed.
The deputy also erred in awarding claimant medical expenses. In the present case no medical bills were introduced into evidence. This court has repeatedly held that it is error to award medical expenses when the medical bills are not placed into evidence. Leonard M. King Pest Control v. Dixon, 474 So.2d 12 (Fla. 1st DCA 1985); Jung v. City of Sarasota, 457 So.2d 577 (Fla. 1st DCA 1984). The award of medical expenses is therefore reversed and the case is remanded with directions to reconsider such portion of the claim upon proper proof of medical bills.
We have examined the other points raised by the employer/carrier and find them to be without merit.
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER and BARFIELD, JJ., concur.