489 So.2d 1206 (1986)
Jessie E. HUNLEY, Appellant,
v.
A.D. WEISS LITHOGRAPH and Liberty Mutual Insurance Company, Appellees.
No. BI-133.
District Court of Appeal of Florida, First District.
June 10, 1986.
*1207 David L. Kahn, of David L. Kahn, P.A., Fort Lauderdale, for appellant.
Anthony J. Beisler, III, of Anthony J. Beisler, P.A., Fort Lauderdale, for appellees.
WIGGINTON, Judge.
This workers' compensation appeal is from the deputy commissioner's order awarding payment of temporary total disability benefits, readjusting claimant's compensation rate, and ordering payment of wage-loss benefits, but denying the claim for penalties. The issues involved relate to technical aspects of the claim but do not contest that the accidents were work related.
Claimant suffered two lower back injuries during her period of employment with A.D. Weiss Lithograph, the first in January of 1981 and the second in February of 1983. Surgery was ultimately performed but claimant remained in less than perfect physical condition. Claimant felt wronged by the deputy's order and this appeal followed. We have examined the record and carefully weighed the arguments of the parties as to each issue involved in this matter.
We find that the deputy commissioner erred in denying penalties solely on the basis of notices to controvert, since the employer/carrier filed notices only as to the wage-loss claim for the month of June *1208 1984. Remaining uncontroverted were the awarded temporary total disability benefits and wage-loss benefits for the remaining months. The deputy commissioner made no finding concerning whether the employer/carrier were excused from paying penalties under section 440.20(7), Florida Statutes, where nonpayment resulted "from conditions over which the employer or carrier had no control." We find that as to the temporary total disability benefits, the carrier not only paid based on an incorrect rate but voluntarily ceased payment. Under the reasoning in King v. Lord Colony Enterprises, 400 So.2d 856 (Fla. 1st DCA 1981), the deputy erred in failing to award penalties as to those benefits.
However, as to penalties attaching to the wage-loss benefits awarded, and those claimant contends should have been awarded, the issue is less clear. The record reveals that in early March 1984 the employer/carrier did provide claimant with a wage-loss package as required under the rules [see Hulbert v. Avis Rent-A-Car Systems, Inc., 469 So.2d 235 (Fla. 1st DCA 1985)], but claimant filed only for June 1984. Claimant did not again file until 1985, when she submitted forms for January, February and March. Claimant further contends that the employer/carrier did not provide her with the necessary forms after August 1984.
Contrary to the deputy's findings, the employer/carrier filed only notices to controvert the June 1984 and the 1985 wage-loss claims. In Hulbert, this Court held that the employer/carrier "may decline to pay wage-loss benefits until completed forms are submitted, but do so at the risk of penalties and interest if they have not performed their statutory and rule imposed obligations regarding wage-loss benefits." Based on Hulbert, the case is remanded on this issue for the deputy commissioner to make findings of fact and conclusions of law as to whether the employer/carrier complied with their obligations throughout and whether they are otherwise excused under section 440.20(7), during those months when no notices to controvert were filed.
The final two points relate to the deputy commissioner's failing to award wage-loss benefits for the period from August 22, 1984, through March 1985. We affirm the deputy commissioner's denial of wage loss as to the months of August through November 1984. Regarding the wage loss claimed from August 24, the record reveals that not only did claimant quit her work on that date, but there is a clear conflict in testimony between the employer/carrier and claimant as to whether claimant voluntarily limited her income during the latter part of August 1984. We find there to be competent and substantial evidence to support the deputy's finding that the employer/carrier had work available for claimant in August within her restrictions. We also affirm the denial of wage-loss benefits for the months of September, October and November, since claimant conducted no work search and wholly failed to prove a causal connection between her employment status and her compensable injury.
In considering the deputy commissioner's finding as to the inadequacy of claimant's work search for December 1984 and January, February and March 1985, the order is reversed based on the paucity of detail in his order on this issue. We recognize and accept the deputy's discretion in this area, but in examining the order we are concerned with whether the deputy properly considered claimant's efforts in light of all the existing circumstances, such as her "actual physical impairment, age, industrial history, training and education, motivation ...," Paramount Poultry v. Mims, 472 So.2d 1281, 1283 (Fla. 1st DCA 1985), and point to this Court's admonition in Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984), that a deputy's written findings on this issue be "in more detailed and specific form." In light of the fact that claimant did perform a job search of sorts during these four months, and since the employer/carrier have not impeached that evidence, Irving v. City of Daytona Beach, 472 So.2d 810 (Fla. 1st DCA 1985), the deputy's conclusion *1209 should be explained. Section 440.25(3)(c), Florida Statutes.
This case is reversed and remanded to the deputy commissioner for elucidation and further proceedings in accord with this opinion.
SMITH and JOANOS, JJ., concur.