497 So.2d 948 (1986)
PARKER LUMBER COMPANY and Catawba Insurance Company, Appellants,
v.
Robert A. HART, Appellee.
No. BL-89.
District Court of Appeal of Florida, First District.
November 14, 1986.
*949 Robert D. Keough of Woolfolk, Estes & Keough, Orlando, for appellants.
James M. Hess of Langston & Hess, Orlando, for appellee.
MILLS, Judge.
Parker Lumber Company and Catawba Insurance Company (E/C) appeal from a workers' compensation order granting temporary partial disability benefits (TPD) to Hart. The E/C's first contention is Hart should have been required to seek a second job while employed full time, since his average weekly wage was based upon two employments held prior to his accident. Secondly, the E/C argues Hart voluntarily limited his income by failing to obtain a second job. Lastly, the E/C asserts error in the deputy commissioner's assessment of penalties pursuant to Section 440.20(7), Florida Statutes (1983). We affirm the order.
On 13 November 1984, Hart sustained a complex injury to his left index finger while in the employment of Parker Lumber Company. At the time of the accident, Hart was also employed at the Lake Buena Vista Palace Hotel as a chef. Dr. Trevisani, the claimant's treating physician, performed surgery on 16 November 1984 to amputate a portion of Hart's fingertip and advised Hart not to return to work until 10 December 1984.
After being released to return to work in December, Hart immediately obtained employment at the Wyndham Hotel as a banquet chef. While employed at the Wyndham Hotel, Hart's hours varied from day to day and ranged from 40 hours to 80 hours a week. Hart did not aggressively seek a second job while so employed due to his irregular work schedule.
The initial hearing in this claim was held on 27 March 1985. This resulted in an order on 4 June 1985 which found that Hart lost his job at the Lake Buena Vista Palace Hotel due to his compensable industrial accident, and thus was entitled to have his average weekly wage determined on the basis of concurrent employment. Hart was awarded temporary total benefits from 12 November 1984 through 10 December 1984, with the deputy commissioner reserving jurisdiction over the issue of temporary partial disability until such time as the claimant submitted TPD forms.
*950 After Mr. Juneman, the personnel director at the Wyndham Hotel, was subpoenaed for his deposition in this cause, problems developed in the relationship between Hart and his immediate superiors. As a consequence, Hart voluntarily left his employment with the hotel on 29 September 1985. Almost immediately thereafter, Hart secured jobs with three different employers: A 40-hour-a-week position with a construction company, manager of 19 rental homes, and part-time work for a food service.
A second hearing was held in this claim on 12 December 1985. The resulting order is the subject of this appeal. Hart sought and was awarded temporary partial disability benefits from 11 December 1985, through the date of the hearing and continuing until he is no longer TPD. In addition, the E/C was ordered to pay penalties pursuant to Section 440.20(7), Florida Statutes.
A claimant who, like Hart, is not physically disabled to work must search for employment conscientiously and effectively. Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). Moreover, to be eligible for wage-loss benefits, Hart must show not only that he has conducted a good faith work search but that he has not voluntarily limited his income. Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982).
Under the first issue raised, the E/C argues that Hart was required to perform an employment search for a second job, although hired for full-time work by the Wyndham Hotel after being released by his physician. This argument is negated by Stahl v. Southeastern X-Ray, 447 So.2d 399 (Fla. 1st DCA 1984), wherein the court held that for purposes of the work search rule, obtaining and performing a full-time job constitutes an adequate job search and market test.
Further support is provided for the deputy commissioner's award of TPD by the case of Tampa Electric Company v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985). In Bradshaw, the claimant was employed by the E/C therein full time and also held a part-time position with another company. The claimant's average weekly wage was computed based on both employments. After being released to return to work, the claimant resumed full-time work with the E/C at a reduced rate of pay. Nonetheless, the E/C argued that the claimant was not entitled to wage loss because he had not conducted a good faith work search. In upholding the deputy's award of benefits, the court stated:
The statute does not require the claimant, after he has presented evidence disclosing that the compensable physical limitation was an element in the causal chain contributing to the wage loss, to show that he undertook a good faith work search as to each part-time job held by him prior to his injuries, in an effort to prove that any resulting wage loss therefrom was attributable to the compensable injury. The burden instead shifts to the employer to show the contrary. Once a claimant has presented other proof establishing that the physical limitation was a causative factor to the loss of wages claimed, the employer's burden is not met by evidence showing an inadequate work search. The employer can satisfy his burden only by presenting affirmative proof that the claimant voluntarily limited his income or refused work.
Bradshaw, 477 So.2d at 629.
Based on the foregoing, we find Hart was not required to seek a second position while employed at the Wyndham Hotel. See also, Miller v. Farrens Tree Surgeons, 476 So.2d 1387 (Fla. 1st DCA 1985).
Having concluded under the first issue that Hart satisfied his duty to perform a good faith work search, it remains to be decided whether Hart voluntarily limited his income by failing to seek a second position. In Regency Inn v. Johnson, supra, the following factors were enumerated for consideration in the determination of whether a claimant has voluntarily limited his income: "actual physical impairment, *951 age, industrial history, training and education, motivation, work experience, work record, diligence and the like."
In the present case, Hart was employed at the Wyndham Hotel as a chef, a job he held prior to his accident and one in line with his training and experience. The work required irregular hours to be kept and prevented Hart from securing additional employment. Accordingly, we find Hart did not voluntarily limit his income while so employed.
This does not end the inquiry. The E/C also asserts that Hart voluntarily limited his income after leaving the hotel and accepting three jobs elsewhere; specifically contending the jobs were below his capacity. The deputy did not rule on this specific issue, and in fact it was only briefly put before him during closing remarks by the counsel for the E/C at the hearing.
In this court's opinion, Hart did not voluntarily limit his income after leaving the hotel. When Hart worked for the E/C herein, Parker Lumber Company, he worked more in the capacity of a construction worker and not as a chef. One of his current full-time jobs is construction. The other jobs he procured to supplement his income are positions that allow him to work weekends and evenings, so as not to conflict with his full-time employment. This work schedule shows a claimant highly motivated and diligent. It should also be noted Hart testified that working as a cook causes pain to his injured finger because it is sensitive to extreme hot and cold temperatures.
Turning to the last issue on appeal, the E/C claims error in the deputy commissioner's award of penalties based on the late date Hart submitted his TPD request forms. However, as was concluded in Hulbert v. Avis Rent-A-Car Systems, 469 So.2d 235 (Fla. 1st DCA 1985), the pivotal question is not when did the claimant submit request forms, but rather when did the E/C first have knowledge of the claimant's compensable wage loss. An employer may decline to pay wage-loss benefits until completed forms are submitted but must do so at the risk of penalties and interest if they have not performed their statutory and rule-imposed obligations. 469 So.2d at 237.
In the instant case, an order was issued on 4 June 1985 finding Hart had a compensable injury and reserving jurisdiction over the issue of TPD benefits should they be controverted. The E/C, therefore, was clearly on notice. See, Leonard M. King Pest Control v. Dixon, 474 So.2d 12 (Fla. 1st DCA 1985) (E/C on notice of claimant's potential wage loss was required to take action to determine entitlement to benefits and to place benefits in claimant's hands, despite E/C's contention that benefits never became due because the claimant never submitted TPD request forms to the E/C). Nevertheless, no benefits were timely paid nor was a notice to controvert timely filed as required by Section 440.20(6), Florida Statutes (1983). Crown Hotel v. Friedman, 438 So.2d 993 (Fla. 1st DCA 1983). Accordingly, it can be seen that the E/C's argument under this point is without merit.
The order appealed from is affirmed in all respects.
BOOTH, C.J., concurs.
WENTWORTH, J., agrees to conclusion.