522 So.2d 929 (1988)
CRIME CONTROL, INC. and American States Insurance Companies, Appellants,
v.
Frank BURSTON and the Department of Labor & Employment Security, Division of Workers' Compensation, Appellees.
No. 87-366.
District Court of Appeal of Florida, First District.
March 10, 1988.
*930 Errol S. Cornell, Miami, for appellants.
L. Anton Rebalko, Ft. Lauderdale, for appellees.
THOMPSON, Judge.
This is an appeal from an order awarding wage loss and rehabilitation benefits. We affirm the order as modified.
The appellants, employer and carrier, present seven issues for our consideration. With respect to six of the seven issues presented, appellants' arguments consist in whole or in part of assertions that the order should be reversed because it includes insufficient findings of fact to support the ultimate conclusions reached and includes findings on disputed issues of fact without addressing or resolving the conflicts in the evidence bearing on the disputed issues. Appellants also argue that certain findings of fact made in the order are unsupported by the evidence.
We agree that certain findings made in the order are unsupported by any competent substantial evidence, and that the order is deficient in several respects. However, we decline to reverse the order because we find, upon review of the record, that a clear preponderance of the evidence presented supports the deputy commissioner's (deputy) decision to award the benefits, and that the erroneous findings of fact included in the order are immaterial and unnecessary to the decision to award benefits.
In a case such as this one, where the claimant's entitlement to the benefits awarded is reasonably clear so that there is no likelihood that the outcome of the case would change upon remand, we will ordinarily eschew action which will have the effect of penalizing the claimant because of deficiencies in the order. We hasten to add that orders such as the one sub judice can and will be reversed in closer cases, as well as in cases where it appears that the findings of fact which are erroneous or are of questionable validity are not superfluous but are material to the decision reached.
We affirm the decretal portion of the order on appeal, but modify the findings of fact made in paragraphs five through eight of the "findings" portion of the order. Paragraph five is stricken in its entirety, as is the parenthetical clause contained in paragraph six. The first sentence of paragraph seven is modified to read: "During the course of its involvement with the claimant, the vocational rehabilitation service provided by the carrier failed to gain approval of a rehabilitation plan for the claimant." The second sentence of paragraph seven is stricken in its entirety, and the first sentence of paragraph eight is modified to read: "After July 1986 the claimant sought vocational advice and assistance on his own from a Mr. George Soulary." The remainder of the findings stated in paragraph eight are supported by competent substantial evidence, and are approved.
Finally, we note that the inclusion in the order of a reference to an exhibit proffered by the claimant but not admitted into evidence was unnecessary, adding nothing but confusion to the case. The exhibit referred to was objectionable and inadmissible for several reasons, not the least of which is its utter irrelevance and immateriality to any issue in this case. However, we fail to discern how a mere reference to the fact that an exhibit was proffered by a party constitutes error. In any event, the deputy properly excluded the exhibit from evidence and there is nothing in the record or in the order on appeal (other than the "ipso facto" inference drawn by appellants) *931 which indicates that the deputy in any way relied on the exhibit in reaching his decision in this case. The order, as modified, is AFFIRMED.
SHIVERS and JOANOS, JJ., concur.