525 So.2d 481 (1988)
Luis TRUJILLO, Appellant,
v.
SOUTHERN WINE & SPIRITS, Shaw Ross Importers, Inc., and Employees Insurance of Wausau, Appellees.
No. BR-230.
District Court of Appeal of Florida, First District.
May 20, 1988.
*482 Richard A. Sadow of Sadow & Lynne, North Miami, for appellant.
Michael Fichtel of Adams, Kelley, Kronenberg & Kelley, Miami, for appellees.
PER CURIAM.
Claimant Luis Trujillo appeals a workers' compensation order denying his claim for temporary partial disability benefits. For the reasons set forth below, we reverse.
The relevant facts are as follows. On May 8, 1985, this Spanish-speaking claimant sustained a compensable lower back injury while in the course of his employment with Southern Wine & Spirits. Claimant was paid TTD benefits from the date of the accident through August 15, 1985. TPD benefits were paid from August 15, 1985 through September 30, 1985, and for the month of January 1986. Authorized medical care was provided by Dr. Lloyd Moriber, Dr. Don Knauer, Dr. Evan Rosen, and Dr. Lazaro Guerra. Claimant subsequently filed a claim for TPD benefits and/or wage loss benefits from May 8, 1985 through April 11, 1986, allowing credit for any compensation already paid or wages earned, and for future medical care. A claim was also made for attorney's fees based on bad faith.
Following a hearing on the issues of wage loss and disability benefits, the deputy commissioner denied claimant temporary partial wage loss benefits for the period of September 30, 1985 to December 31, 1985, and from February 1, 1986 to April 11, 1986. The deputy commissioner concluded that based on the testimony of Dr. Lloyd Moriber, claimant was able to return to work without restrictions as of July 24, 1985, and that in the absence of such restrictions TPD benefits must be denied. In addition, the deputy commissioner found that claimant's job search for this period was inadequate.
In his first point on appeal, claimant contends the deputy commissioner erred in denying his claim for TPD benefits for the stated reason that there was no causal connection between the claimant's wage loss and his injury. We agree.
Section 440.15(4)(b), Florida Statutes (1985), states in part:
Whenever a wage-loss benefit as set forth in paragraph (a) may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury.
Whether a claimant has shown a causal relationship between the injury and a change in employment status is a factual *483 question to be determined by the deputy commissioner from competent substantial evidence. Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984).
Based on the testimony of Dr. Moriber, the deputy commissioner found that "claimant was able to return to regular duty work on July 24, 1985, without restrictions" and that claimant had not shown a causal connection between "any alleged wage less and his compensable injury." Dr. Moriber's deposition, however, was not admitted into evidence at the hearing and has not been made a part of the record on appeal.[1] Thus, the deputy commissioner erred in relying on the deposition in reaching his decision. Cf. Crime Control, Inc. v. Burston, 522 So.2d 929 (Fla. 1st DCA 1988) (mere reference in an order to exhibit proffered by claimant but not admitted into evidence not reversible error where nothing in the record or order indicates deputy commissioner relied on exhibit in reaching decision).
Moreover, the appellees' contention that the record contains other competent evidence to support the deputy commissioner's finding of no causal connection between the wage loss and the injury is meritless. The record reveals no evidence that indicates claimant was able to return to regular duty work without restrictions on July 24, 1985. Dr. Knauer testified that claimant was able to return to work with heavy lifting restrictions on August 12, 1985, and that even as of January 24, 1986, the lifting restrictions were still in effect. Dr. Krestow originally thought claimant could return to work in May 1985, but then changed his mind and sent claimant to Dr. Moriber. Even Dr. Nadel, who found that claimant had reached maximum medical improvement (MMI) in August 1986, advised claimant to avoid lifting anything exceeding 10-15 pounds.
Next, claimant contends the deputy commissioner erred in ruling that he did not make a valid job search for the periods benefits were claimed. The adequacy of a claimant's work search is a factual issue within the deputy commissioner's fact-finding authority, and the deputy commissioner's conclusion in this regard will be upheld if the record provides any competent substantial evidence. Clay Hyder Trucking v. Persinger, 416 So.2d 900 (Fla. 1st DCA 1982). See also Paramount Poultry v. Mims, 472 So.2d 1281 (Fla. 1st DCA 1985); Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984). Furthermore, a workers' compensation order needs only the degree of specificity necessary to enable the court to determine how the deputy commissioner arrived at his conclusion. It is not the court's function, however, to search the record for any support of an order and affirm it. Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980). See also University of Florida v. Green, 395 So.2d 258 (Fla. 1st DCA 1981); Evans v. Orlando Work Force, 449 So.2d 992 (Fla. 1st DCA 1984).
In commenting upon the issue of claimant's work search, the deputy commissioner stated "I find that the claimant's job search for the periods claimed is inadequate." The order contains no findings of fact regarding the job search or the reasons why the deputy commissioner concluded claimant's job search was inadequate. Although the record reveals that from September 30, 1985 to December 31, 1985, claimant was out of the country, claimant testified that he looked for employment while in Colombia and the record contains job search forms for this period. The record also contains evidence that claimant conducted a work search from February 1, 1986 to April 11, 1986, and claimant testified that he personally looked for work during this period.
The deputy commissioner might have believed that the claimant was insincere in his efforts to find work or that he sought only jobs he knew he wasn't capable of performing, but the final order merely recites that the job search was inadequate. Because the record contains evidence that claimant *484 performed a job search and the order does not contain the degree of specificity necessary to determine how the deputy commissioner arrived at the conclusion that the work search was insufficient, this action must be remanded for further findings on this issue. Hunley v. A.D. Weiss Lithograph, 489 So.2d 1206 (Fla. 1st DCA 1986) (deputy commissioner required to make written findings explaining conclusion that claimant's work search was inadequate, in light of fact that claimant offered uncontroverted evidence that she performed a job search of sorts during the time in question).
Finally, as appellant concedes, the parties agreed to reach the matter of attorney's fees at a later date; therefore, the deputy commissioner did not err in not ruling on the issue of bad faith.
In reviewing the final order, we note that the deputy commissioner determined claimant reached MMI on May 14, 1986. Although the issue of MMI was not referred to in the original claim, the parties stipulated at the hearing that the claimant had reached MMI. Therefore, we find no error in this determination. However, the deputy commissioner went further, stating "I also adopt Dr. Rosen's testimony that the claimant will be left with no permanent physical impairment and no permanent restrictions." Because this finding goes beyond the issues framed by the order or stipulated to by the parties, we strike it from the final order.
We also note that on page four of the final order the deputy commissioner stated:
Based upon the testimony of Dr. Moriber, I find that the claimant was able to return to regular duty work on July 24, 1985, without restrictions. In the absence of such restrictions, temporary wage loss benefits must be denied.

(Emphasis supplied). This is an incorrect statement of the law. The absence of "physician-imposed" restrictions does not preclude recovery of wage loss benefits. See Iverson v. Holy Cross Hospital, 498 So.2d 620 (Fla. 1st DCA 1986), in which we held that the fact that the claimant had a medical release to return to work with no restrictions or limitations specifically related to her occupation did not preclude her recovery for wage loss benefits. Similarly in this case, the fact that Dr. Moriber released claimant to regular duty work without restrictions or limitations does not preclude claimant's recovery of temporary wage loss benefits if he can show that his industrial injury and resulting condition were a contributing cause of his wage loss claim.
Accordingly, the deputy commissioner's order is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WENTWORTH and BARFIELD, JJ., and FRANK, RICHARD H., Associate Judge, concur.
NOTES
[1] On October 2, 1987, this Court denied appellees' Motion to Supplement the Record with Dr. Moriber's deposition.