541 So.2d 1279 (1989)
PERKINS RESTAURANT and Wausau Insurance Co., Appellants,
v.
Margaret CRUZ, Appellee.
No. 88-2066.
District Court of Appeal of Florida, First District.
March 31, 1989.
*1280 Thomas G. Portuallo, of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
Dean Burnetti, of H. Guy Smith, P.A., Lakeland, for appellee.
JOANOS, Judge.
The employer/carrier appeal a workers' compensation order determining average weekly wage, and awarding past due compensation, penalties, and interest, presenting four issues for our consideration. We have found no reversible error as to the first three issues and affirm without further comment. However, in regard to the fourth issue in which the employer/carrier challenge the award of penalties and interest, we remand for clarification.
The facts pertinent to the penalties issue reveal that claimant suffered a compensable injury on April 8, 1987, while employed as a waitress for Perkins Restaurant (employer). Following a period of receipt of temporary total disability benefits and wage loss benefits, claimant made numerous telephone calls requesting an adjustment in her average weekly wage. On March 28, 1988, the claimant received a letter from the carrier, advising that the carrier would not adjust her average weekly wage to reflect tips that had not been recorded on her time cards. The letter contained no reference to an average weekly wage adjustment based on fringe benefits, such as uniforms. On April 5, 1988, the claimant filed a claim for correction of her average weekly wage, requesting that earned tips and the value of uniforms provided by the employer be included in the computation.
The claimant was not represented by counsel at any of the proceedings before the deputy commissioner. Pursuant to the May 31, 1988, pretrial conference and stipulations, the employer/carrier were directed to provide the claimant with a complete wage statement. Thereafter, at the first hearing held on this matter, the deputy noted that the claimant had not made a claim for penalties. The deputy then explained to the claimant that the carrier's letter of March 28, 1988, constituted a notice to controvert, and would preclude her from recovering penalties which she might otherwise have been entitled to receive. In addition, the deputy found that the value of uniforms supplied by the employer had not been included in the wage statement furnished by the employer/carrier, and that this non-compliance resulted in the need for a second hearing on the claim.
At the second hearing, the deputy stated that claimant was at that time requesting an award of penalties and interest. Thereafter, on July 22, 1988, the deputy entered an order which included penalties and interest, predicated on findings that a notice to controvert had not been filed, and that the failure to pay compensation on the basis of the correct average weekly wage did not result from conditions over which the employer/carrier had no control. See Plymouth Citrus Products v. Jackson, 417 So.2d 294 (Fla. 1st DCA 1982).
Section 440.20(7), Florida Statutes (1987), provides in part:
If any installment of compensation for ... disability, ... or wage loss payable without an award is not paid within 14 days after it becomes due, ... there shall be added to such installment a punitive penalty of an amount equal to the greater of 10 percent of the unpaid installment or $5, which shall be paid at the same time as, but in addition to such installment of compensation, unless notice [to controvert] is filed under subsection (6) or unless such nonpayment results from conditions over which the employer or carrier had no control. When any installment of compensation payable without an award has not been paid within 14 days after it became due and the claimant concludes the prosecution of the claim before a deputy commissioner without having specifically claimed additional compensation in the nature of a penalty under this section, he will be deemed to have acknowledged that, owing to conditions over which the employer or carrier had no control, such installment could not be paid within the period prescribed for payment and to have waived his right to claim such penalty. However, during the course of a hearing, the deputy commissioner *1281 shall on his own motion raise the question of whether such penalty should be awarded or excused. The division may assess without a hearing the above-mentioned 10-percent additional payment against either the employer or the insurance carrier, depending upon who was at fault in causing the delay....
Under the clear language of section 440.20(7), an award of penalties is inappropriate unless specifically claimed prior to the conclusion of the prosecution of the claim before the deputy. The statute also provides that the deputy may, on his own motion, raise the question of the propriety of an award of penalties. Pantry Pride v. Carter, 413 So.2d 865 (Fla. 1st DCA 1982). See also La Croix Construction Company v. Bush, 471 So.2d 134 (Fla. 1st DCA 1985), holding that penalties may not be awarded unless claimed.
The facts in this case establish that the unrepresented claimant did not learn of her possible entitlement to penalties until the first hearing, when the deputy explained the significance of the carrier's letter refusing to adjust her average weekly wage. At the second hearing, the deputy stated that claimant had claimed a penalty. The record reflects, therefore, that employer/carrier were sufficiently apprised of their potential liability for penalties, and were afforded sufficient opportunity to be heard on the question. See, generally, Parker Lumber Company v. Hart, 497 So.2d 948 (Fla. 1st DCA 1986); Pantry Pride v. Carter, supra.
Having determined that penalties were properly claimed in this case, next we must consider the effect of the carrier's March 28, 1988, letter rejecting claimant's telephone requests for correction of her average weekly wage. An award of penalties is improper when a timely notice to controvert has been filed. Spartan Electronics v. Russell, 513 So.2d 153 (Fla. 1st DCA 1987); Bud Mayer Construction Co., Inc. v. Torres, 485 So.2d 888 (Fla. 1st DCA 1986). On the other hand, it is the employer/carrier's burden to show that a claim has been sufficiently controverted. Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475, 479 (Fla. 1st DCA 1981).
Contrary to the deputy's finding, the record in this case indicates that a notice to controvert was filed in this case, and indeed the deputy explained as much to the claimant at the first hearing. However, the controvert notice related only to rejection of an increase on the basis of unreported tips, while the ultimate determination of average weekly wage was based both on the unreported tips together with the value of uniforms furnished by the employer. A second notice to controvert was not filed.
Since there is conflict between the deputy's express finding that a notice to controvert was not filed and the existence of contrary evidence in the record, we are unable to discern the reason for the deputy's decision to assess penalties in this case. Therefore, we remand this matter for entry of an order specifying the deficiencies of the notice to controvert, and clarifying the basis of the award of penalties. See Hunley v. A.D. Weiss Lithograph, 489 So.2d 1206, 1208 (Fla. 1st DCA 1986); Hurlbert v. Avis Rent-A-Car Systems, 469 So.2d 235, 236-237 (Fla. 1st DCA 1985); Carruth v. Allied Products Co., 452 So.2d 634, 638 (Fla. 1st DCA 1984). In all other respects, the order is affirmed.
BOOTH and MINER, JJ., concur.