WIGGINTON, Judge.
Appellant appeals the judge of compensation claims’ denial of his claim for wage loss benefits from April through December 1988, on the ground that he did not conduct a good faith job search for those months. We reverse.
Appellant returned to work in January 1988, having reached maximum medical improvement with a 5% permanent impairment from a work-related injury. In April 1988, he was fired for tardiness, absence from work, taking unauthorized breaks and inadequately performing some of his jobs. Several witnesses provided testimony discrediting his statements regarding his job termination, and supporting the employer’s reasons for firing him.
Appellant produced numerous job search forms indicating an extensive search for the months following his termination. He testified as to his job search and stated that most of the potential employers declined to hire him because of his impairment. He also presented the testimony of Cheryl Monroe, an employment agent, who stated that she had contacted 15 to 20 potential employers but had found none willing to hire appellant because of his physical limitations. Employer/carrier did not controvert that evidence and testimony nor did they present conclusive testimony that employment was available to appellant.
Without explanation, the judge of compensation claims concluded that appellant did not conduct a good faith job search *976 from April through December 1988, he limited his income by not making a sufficient effort in that regard, and therefore he is not entitled to wage loss benefits during that period. In Hunley v. A.D. Weiss Lithograph, 489 So.2d 1206 (Fla. 1st DCA 1986), the court reversed a deputy commissioner’s finding of inadequacy of the claimant’s work search because of the “paucity of detail in his order on this issue.” The court recognized the deputy commissioner’s discretion in the area but expressed concern over whether the deputy commissioner properly considered the claimant’s efforts and concluded that written findings on this issue should be “in more detail and specific form.” In that the claimant had performed a job search “of sorts” and since the employer/carrier had not impeached that evidence, the court felt that the deputy commissioner’s conclusion should be explained. Similarly, in light of appellant’s testimony and detailed job search forms, the' testimony of Ms. Monroe, and employer/carrier’s failure to present conclusive evidence that suitable employment was available to appellant, the paucity of the judge of compensation claims’ finding in this case mandates reversal.
Despite the fact that employer/carrier presented some testimony which cast doubt on appellant’s credibility, that testimony impeached appellant only in regard to the reasons for his termination, which is not an issue on appeal. Further, the judge made absolutely no findings concerning appellant’s credibility. Even if employer/carrier’s challenge to appellant’s credibility provided an adequate basis for a conclusion that his uncontroverted job search forms were also incredible, a judge of compensation claims may not reject a claimant’s testimony and evidence based on lack of credibility in the absence of an adequate explanation for that finding. Compare Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989).
In light of the above considerations, as in Hunley, we reverse the finding of no good faith job search and remand to the judge of compensation claims for elucidation and further proceedings in accordance with this opinion.
Reversed and Remanded.
ERVIN and WENTWORTH, JJ„ concur.