WIGGINTON, Judge.
Appellant appeals and appellees, employer/carrier, cross-appeal the judge of compensation claims’ order awarding temporary total disability benefits to appellant. We affirm in part, reverse in part and remand.
We find that competent substantial evidence supports the judge’s determinations that appellant had hot reached maximum medical improvement and that employer/carrier had not been delinquent in providing appellant with authorized physicians. We also find no error in the judge not adjudicating appellant’s claim for attorney’s fees based on bad faith. He stated in his order that the parties had agreed that entitlement to and amount of fees would be reserved for a subsequent hearing. Therefore, as found in Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988):
Finally, as appellant concedes, the parties agreed to reach the matter of attorney’s fees at a later date; therefore, the deputy commissioner did not err in not ruling on the issue of bad faith.
We do find merit in appellant’s argument that competent substantial evidence does not support the judge’s determination that her average weekly wage is $300. The record shows that appellant had not worked for substantially a 13-week period preceding her accident on May 3, 1987. Evidence of 1 a similar employee’s wages was inconclusive since appellant worked a substantial number of overtime hours. Appellant testified that her “take-home pay” was $250 to $300 per week. Employer/carrier’s adjuster, Mrs. Chester, testified that appellant’s average weekly wage would have been approximately $385 to $401 if she had worked at the same rate for a 13-week period. The claims representative testified that he figured appellant’s average weekly wage to be $389 based in part on a similar employee’s *792 wages. The above testimony was unrefut-ed.
We find that the evidence does not support the judge’s determination that appellant’s average weekly wage was but $300. Only appellant testified to a figure that low and she claimed, unrefutedly, that that amount was her “take-home” pay, which obviously was less than her gross earnings. Thus, we reverse on this issue and remand for reconsideration of appellant’s avérage weekly wage.
Substantial evidence was presented in this case to show that subsequent non-compensable factors as well as the compen-sable injury have contributed in large part to the psychological disability which appellant suffers. The judge specifically found that those subsequent events “are clearly, in my opinion, significant aggravating factors.” However, he determined that appellant had not reached maximum medical improvement from her compensable psychological injury, concluded that her claim for benefits “is not presently subject to apportionment” and thereupon denied employer/carrier’s claim for apportionment. Employer/carrier challenge that ruling on cross-appeal.
The necessary inference from the judge’s findings is that appellant’s compensable injury remains a materially significant factor contributing to her temporary total disability, as shown especially by his statement that the subsequent events are “significant aggravating factors” (emphasis supplied) thus indicating that he did not find the subsequent events to be causing disability separate from and independently of the compensable injury. Compare Alexandre v. Excel Handbags, Inc., 479 So.2d 286 (Fla. 1st DCA 1985). The evidence fully supports a determination that .appellant’s current disability is substantially attributable to her compensable injury independent of any subsequent conditions she may suffer. Employer/Carrier has failed to establish error in the apparent conclusion below that but for appellant’s compensable condition her current disability would not exist. Therefore, we cannot conclude that the judge erred in imposing upon employer/carrier the responsibility for providing appellant the temporary benefits awarded.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.