ERVIN, Judge.
Appellants, Marriott Hotel and Continental Loss Adjusting Services, appeal an order directing Continental to provide claimant with attendant care benefits. Appellants contend that the judge of compensation claims (JCC) erred in determining that Continental was responsible for compensation benefits related to an industrial accident claimant suffered when the Marriott was covered by a different carrier, Wausau Underwriters Insurance Co. We reverse and remand for further proceedings.
On April 26, 1989, Ofelia Restrepo suffered a work-related injury to her lower back while performing kitchen duties for her employer, Marriott Hotel. The employer’s carrier at the time was Continental. Claimant’s treating physician, Dr. Edward Suarez, diagnosed claimant as having a bulging lumbar disc and lumbar radiculopa-thy. He concluded that claimant reached maximum medical improvement (MMI) on December 28, 1989, with an eight to ten percent impairment due to problems in her lower back. He released her to return to light-duty work.
On April 13, 1990, claimant suffered another accident while lifting a tray in the Marriott kitchen. Dr. Suarez concluded that she had an exacerbation of the back pain and some new cervical radiculopathy or neck problems, which caused an additional two to four percent impairment of her neck. He testified that claimant is permanently totally disabled as a result of the combination of both accidents. Wau-sau was the carrier at risk for Marriott at the time of her second injury; Continental, however, continued to provide all workers’ compensation benefits owing to the claimant. In the proceedings below, claimant sought attendant care benefits and Continental sought reimbursement and apportionment from Wausau under Section 440.-42(3), Florida Statutes (1989).[1]
The JCC concluded that the April 13, 1990 incident was a noncompensable exacerbation of claimant’s accident of April 26, 1989, and that the second incident had no impact on claimant’s condition resulting from the first incident. We reverse, based upon the inconsistencies within the JCC’s findings of fact. We have previously stat *676 ed that a compensation order will be reversed “in cases where it appears that the findings of fact which are erroneous or are of questionable validity are not superfluous but are material to the decision reached.” Crime Control, Inc. v. Burston, 522 So.2d 929, 930 (Fla. 1st DCA 1988). We are unable to conclude that the flawed findings in the case at bar are immaterial to the JCC’s decision that Continental is wholly responsible for claimant’s attendant care.
The flaws in the JCC’s findings concern the second injury of April 13, 1990. The JCC found that there was no competent, substantial evidence connecting claimant’s neck injury to the second incident of April 13, 1990, and that the testimony of Dr. Suarez, claimant’s treating physician, and Dr. Cohen, an independent medical examiner, linked the neck injury to the first incident of April 26, 1989. Yet claimant and Dr. Suarez never stated anything but the fact that the neck injury resulted from the second incident, and Dr. Cohen simply was not told there was a second incident when he found a five percent cervical impairment during his examination of claimant on January 3, 1991.
The JCC also found that Dr. Suarez had opined that claimant’s attendant-care needs resulted from her April 26, 1989 back injury, and from a later incident on October 9, 1990, when she exacerbated her back problems while performing a job search. The JCC did not acknowledge, however, that Dr. Suarez had also testified that her need for attendant care was due in part to the neck injury from the April 13, 1990 incident. Although the JCC acknowledged that claimant testified that she hurt her neck and shoulder in the April 13, 1990 incident, he questioned the accuracy of her testimony based in part upon a medical record which indicated to him that “as of October 9, 1990, even Dr. Suarez had no idea of her April 13, 1990 injury.” On the contrary, the hospital admission history Dr. Suarez prepared on April 16,1990 explicitly stated that claimant had been reinjured while working at the Marriott.
Finally, the JCC found the April 13, 1990 injury to be noncompensable. This is perplexing, considering claimant’s injury occurred at work while she was performing a work-related task.
In addition to the above inconsistencies, we note that Dr. Suarez testified that claimant reached MMI as to the second incident in October 1990, but did not indicate an MMI date as to the third incident. Although he is still treating claimant for neck and back pain, he nonetheless testified by deposition that she has no additional disability stemming from the third incident. This statement is premature, since there has been no finding of MMI. Stewart v. Resort Inns of Am., 513 So.2d 1334, 1335 (Fla. 1st DCA 1987).
We REVERSE and REMAND this case with directions to the JCC to make further findings and/or to clarify the order on appeal.
MINER and WEBSTER, JJ., concur.

. Section 440.42(3) confers jurisdiction upon the JCC to adjudicate a controversy as to which of two carriers is liable for a claim of compensation. The JCC is required to determine whether a second injury is merely an exacerbation of a first injury, or is independent from the first compensable accident. U.S. Elec. Co. v. Sisk Elec. Serv., Inc., 417 So.2d 738, 739 (Fla. 1st DCA 1982).