PER CURIAM.
Appellant, Metropolitan Dade County, challenges a workers’ compensation final order awarding orthopedic care for claimant’s left shoulder rotator cuff tear and authorization of diagnostic tests to determine if claimant has carpal tunnel syndrome and/or a cervical injury and if so to determine if the condition is causally related to his compensa-ble right shoulder rotator cuff injury. We affirm in part, and reverse in part. Although this panel would not necessarily have reached the same result as the judge of compensation claims (JCC) if it were the trier of fact, there is competent substantial evidence, apparently credited by the JCC, to support the award of compensability for the left rotator cuff injury. The scope of appellate review is limited to whether the record contains any competent, substantial evidence supporting the JCC’s order; the appellate court does not have the discretion to reweigh the evidence. University of Florida v. Massie, 602 So.2d 516, 525 (Fla.1992); Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988).
Under the competent substantial rule, we must reverse the award of diagnostic testing for carpal tunnel syndrome and the authorization of Dr. Eismont to perform an evaluation and diagnostic testing of claimant’s cervical condition. There is no evidence in the record to support an award of diagnostic testing and evaluation for either condition.
AFFIRMED in part; REVERSED in part.
KAHN, DAVIS and BENTON, JJ., concur.